UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUGUST IMAGE, LLC,

                    Plaintiff,

        -against-

GIRARD ENTERTAINMENT & MEDIA LLC
and KEITH GIRARD,

                    Defendants.

Case No. 21-cv-09397-ER

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.   Preliminary Statement ........................................................................................... 1

II.  Factual Background ................................................................................................ 2

III. Argument ............................................................................................................... 4

    A.   Standard of Review ...................................................................................... 4

    B.   As a Matter of Law, Plaintiff Has No Standing to Assert the Copyright
        Claims in this Action ..................................................................................... 5

    C.   Plaintiff Fails to Plead Facts Supporting Its Contributory and Vicarious
        Liability Claims ........................................................................................... 11

    D.   Plaintiff's Submission of Objectively False Evidence Is No Substitute for the
        Obligation to Plead Plausible Facts as Required to State a Claim Under 17
        U.S.C. § 1202 ............................................................................................... 17

    E.   Ninety-Nine Percent of Plaintiff's Claims for Statutory Damages and
        Attorney's Fees Under 17 U.S.C. § 505 Are Facially Barred by 17 U.S.C. §
        412 ............................................................................................................... 23

IV.  Conclusion ........................................................................................................... 24

## **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

*Abbey House Media, Inc. v. Apple Inc.*,
  66 F. Supp. 3d 413 (S.D.N.Y. 2014)....................................................................................14

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*,
  944 F.2d 971 (2d Cir. 1991)..................................................................................................10

*Allen v. WestPoint-Pepperell, Inc.*,
  945 F.2d 40 (2d Cir. 1991)......................................................................................................2

*AppSoft Dev., Inc. v. Diers, Inc.*,
  No. 3:13-cv-1520, 2014 WL 3893316 (M.D. Fla. Aug. 8, 2014)...........................................20

*Arista Recs. LLC v. Lime Grp. LLC*,
  784 F. Supp. 2d 398 (S.D.N.Y. 2011)...................................................................................15

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................................4, 5, 12, 19, 20

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................4, 14, 20

*Berry v. Deutsche Bank Tr. Co. Americas*,
  No. 07 CIV. 7634 (WHP), 2008 WL 4694968 (S.D.N.Y. Oct. 21, 2008), *aff'd*,
  378 F. App'x 110 (2d Cir. 2010) (same) ................................................................................14

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
  No. 02 CIV. 1164(RWS), 2003 WL 296561 (S.D.N.Y. Feb. 11, 2003)...........................11, 13

*Carell v. Shubert Org., Inc.*,
  104 F. Supp. 2d 236 (S.D.N.Y. 2000)...................................................................................13

*Chevrestt v. Am. Media, Inc.*,
  204 F. Supp. 3d 629 (S.D.N.Y. 2016)..............................................................................18, 19

*Davis v. Blige*,
  505 F.3d 90 (2d Cir. 2007)......................................................................................................5

## TABLE OF AUTHORITIES
<u>(continued)</u>

<u>Page(s)</u>

*Dominguez v. Banana Republic, LLC*,
   No. 1:19-CV-10171-GHW, 2020 WL 1950496, at *2 (S.D.N.Y. Apr. 23,
   2020), *aff'd sub nom. Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68 (2d Cir.
   2022) ................................................................................................................................9

*FW/PBS, Inc. v. City of Dallas*,
   493 U.S. 215 (1990)..........................................................................................................9

*Gench v. HostGator.com LLC*, No. 14 Civ. 3592(RA)(GWG),
   2015 WL 3757120 (S.D.N.Y. June 17, 2015), *report and recommendation
   adopted*, No. 14-CV-3592 (RA), 2015 WL 4579147 (S.D.N.Y. July 29, 2015).....................14

*Grahm-Sult v. Clainos*,
   756 F.3d 724 (9th Cir. 2014) .............................................................................................7

*Hartmann v. Amazon.com, Inc*., No. 20 CIV. 4928 (PAE),
   2021 WL 3683510 (S.D.N.Y. Aug. 19, 2021).....................................................................15

*Int'l Audiotext Network, Inc. v. AM. Tel & Tel. T Co.*,
   62 F.3d 69 (2d Cir.1995)....................................................................................................2

*Island Software and Computer Serv., Inc. v. Microsoft Corp.*,
   413 F.3d 257 (2d Cir. 2005)...............................................................................................3

*John Wiley & Sons, Inc. v. DRK Photo*,
   998 F. Supp. 2d 262 (S.D.N.Y. 2014), *aff'd*, 882 F.3d 394 (2d Cir. 2018).............5, 6, 7, 9, 10

*John Wiley & Sons, Inc. v. DRK Photo* ("*DRK Photo II*"),
   882 F.3d 394,405 (2d Cir. 2018).........................................................................................8

*Knickerbocker Toy Co., Inc. v. Azrak–Hamway Int'l., Inc*.,
   668 F.2d 699 (2d Cir. 1982)................................................................................................5

*Krechmer v. Tantaros*,
   747 F. App'x 6 (2d Cir. 2018) ..........................................................................................17

*Kwan v. Schlein*,
   246 F.R.D. 447 (S.D.N.Y. 2007) ......................................................................................24

iii

**TABLE OF AUTHORITIES**
<u>(continued)</u>

<u>Page(s)</u>

*Laser Kitten, LLC v. Marc Jacobs Int'l, LLC*, No. 17 Civ. 8613,
    2018 WL 4830091 (S.D.N.Y. Oct. 4, 2018) ...........................................................19

*Leonard v. Stemtech Health Scis., Inc.*, No. CV 08-67-LPS-CJB,
    2013 WL 5288266 (D. Del. Sept. 19, 2013) .........................................................11

*Live Face on Web, LLC v. The Control Grp. Media Co., Inc.*,
    150 F. Supp. 3d 489 (E.D. Pa. 2015) ...................................................................13

*Lopez v. Bonanza.com, Inc.*, No. 17 CIV. 8493 (LAP),
    2019 WL 5199431 (S.D.N.Y. Sept. 30, 2019)..........................................11, 14, 15

*Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*,
    591 F. Supp. 2d 1098 (N.D. Cal. 2008) ...............................................................12

*Masck v. Sports Illustrated*,
    2014 WL 12658971 (E.D. Mich. Mar. 10, 2014) ..................................................18

*Miller v. Facebook, Inc.*, No. C. 10–00264 WHA,
    2010 WL 1292708 (N.D. Cal. Mar. 31, 2010).......................................................12

*Mills v. Netflix, Inc.*,
    2020 WL 548558 (C.D. Cal. Feb. 3, 2020)............................................................18

*Minden Pictures, Inc. v. Buzzfeed, Inc.*,
    390 F. Supp. 3d 461 (S.D.N.Y. 2019)....................................................................24

*Parker v. Google*,
    422 F. Supp. 2d 492 (E.D. Pa. 2006), *aff'd*, 242 F. App'x 833 (3d Cir. 2007) ......16

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) ................................................................................15

*RAZ Imports, Inc. v. Regency Int'l Bus. Corp.*, No. 3:19-CV-01855-E,
    2020 WL 4500627 (N.D. Tex. Aug. 5, 2020).........................................................17

*Righthaven LLC v. Hoen*,
    716 F.3d 1166 (9th Cir. 2013) .........................................................................6, 7, 10

iv

# TABLE OF AUTHORITIES
<u>(continued)</u>

<u>**Page(s)**</u>

*Russian Entm't Wholesale, Inc. v. Close-Up Intern.*,
   767 F. Supp. 2d 392 (E.D.N.Y.2011), *aff'd*, 482 F. App'x 602 (2d Cir.2012)..........................7

*Silvers v. Sony Pictures Ent., Inc.*,
   402 F.3d 881 (9th Cir. 2005) ...........................................................................................7

*Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*,
   118 F.3d 955 (2d Cir. 1997)............................................................................................16

*Sohm v. Scholastic Inc.*,
   959 F.3d 39 (2d Cir. 2020)..............................................................................................16

*Spinelli v. Nat'l Football League*,
   903 F.3d 185 (2d Cir. 2018).......................................................................................18, 19

*Stevens v. Corelogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) *cert denied*, 139 S. Ct. 1222 (2019).........................................18

*Tasini v. New York Times Co.*,
   184 F. Supp. 2d 350 (S.D.N.Y. 2002)................................................................................9

*TufAmerica, Inc. v. Diamond*, No. 12-CV-3529 (AJN),
   2015 WL 10846075 (S.D.N.Y. Mar. 24, 2015) .................................................................6

*Ventura Content, Ltd. v. Motherless, Inc.*,
   885 F.3d 597 (9th Cir. 2018) ..........................................................................................16

*Warren v. John Wiley & Sons, Inc.*,
   952 F. Supp. 2d 610 (S.D.N.Y. 2013)..........................................................................12, 13

*Warth v. Seldin*,
   422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)..........................................................9

*Wells v. John Wiley & Sons, Inc.*,
   2016 WL 889786 (S.D.N.Y. Feb. 17, 2016).......................................................................23

*Wolk v. Kodak*,
   840 F. Supp. 2d (S.D.N.Y. 2012)..........................................................................11, 12, 13

**TABLE OF AUTHORITIES**
<u>(continued)</u>

<u>Page(s)</u>

*Yang v. Mic Network Inc*., No. 20-4097-CV,
2022 WL 906513 (2d Cir. Mar. 29, 2022) ...............................................................................22

**S<small>TATUTES</small>**

17 U.S.C.
§ 101 ..............................................................................................................................7
§ 106(3) .........................................................................................................................8
§ 412 ............................................................................................................................23
§ 501(b) .....................................................................................................................8, 10
§ 504(b) ........................................................................................................................24
§ 504(c) ........................................................................................................................24
§ 504(c)(2) ....................................................................................................................24
§ 505 ............................................................................................................................23
§ 1202 ......................................................................................................16, 17, 18, 20

Copyright Act Section 106.................................................................................1, 2, 5, 6, 17

**O<small>THER</small> A<small>UTHORITIES</small>**

3 PAUL GOLDSTEIN, GOLDSTEIN ON COPYRIGHT § 1.9 (2017 .........................................6

Rule
12..................................................................................................................................5
12(b)(6) .........................................................................................................................4

### I.     Preliminary Statement

Plaintiff August Image ("Plaintiff"), a serial litigant in pursuit of quick settlements, purports to be a licensing agent for a group of magazine photographers.  As Plaintiff knows and the articles corroborate, those magazines routinely retain rights to use and sublicense the photographers' images to others (such as defendant Girard Entertainment & Media LLC, operated by defendant Keith Girard (collectively, "Girard")) who help promote the magazine articles at the magazines' request.  As Plaintiff also knows and pleads, all it receives from the photographers is the right to act as an agent for licensing whatever rights the photographers retain, along with the bare right to sue during some unspecified period of time.

Despite this being its third bite at the apple, Plaintiff's allegations in its Second Amended Complaint ("SAC") continue to fall short of stating a claim as to the 140 images at issue (the "Images"), for multiple reasons. As a threshold matter, Plaintiff must plead ownership or exclusive rights in and to at least one right *under Section 106* of the Copyright Act, and *at all relevant times*.  Plaintiff evades the first requirement and continues to be silent about the second. Further, Plaintiff's boilerplate pleading of secondary liability claims in the alternative is not viable under copyright law.  Either the party is a direct infringer or a contributory/vicarious infringer, not both, and notably Plaintiff provides no factual allegations to support the claim. Plaintiff's claims for removal of copyright management information are similarly devoid of necessary pleading.  But worse, using careful cropping, Plaintiff has elected to deliberately conceal from the Court the fact that credits to photographers and suppliers *were* included. Finally, Plaintiff cannot deny that as to 99% of the images in this case, they are not eligible for statutory damages or attorney's fee awards, and courts routinely dismiss claims for such relief where any work is not timely registered.

1

Plaintiff's casual approach to this matter may underscore the pattern seen so often in this District involving vague and insufficiently pleaded claims that are never tested at trial. The fact that the owners of the rights have outsourced their enforcement of obviously stale claims weakens the foundations of such an approach. As detailed below, there are multiple reasons to dismiss the claims now, and to the extent any remain, the available relief should be significantly curtailed.

## II.      Factual Background

The facts, taken as true solely for the purposes of this motion except where contradicted by material integral to the SAC,[1] are as follows:

Plaintiff August Image is a licensing agent and representative for photographers via contractual assignments which are not attached to the SAC. SAC ¶ 10. No further detail is provided regarding this relationship except for the assertion that these agreements purportedly give Plaintiff the right to sue. *Id.*

Girard owns and operates the celebrity and fashion news websites www.thenyindependent.com and www.celebrityhealthfitness.com (the "Websites"). SAC ¶ 13. Plaintiff alleges that Girard publicly displayed without authorization the Images in connection with various articles posted on the Websites between five and twelve years ago. *Id.* at ¶¶ 13-15 & Ex. 2. Based primarily on that simple allegation, Plaintiff alleges direct, contributory, and vicarious infringement against Girard.  *Id.* at First and Second Claims for Relief.

---

[1] The Court also may consider "documents appended to the complaint or incorporated in the complaint by reference," and "matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991) (citation omitted). This includes documents that form the basis of a plaintiff's claims. *Int'l Audiotext Network, Inc. v. AM. Tel & Tel. T Co.,* 62 F.3d 69, 72 (2d Cir.1995) (considering agreement that is "integral to the complaint").

2

While Girard disputes liability given the fact that it was authorized by magazine publishers to make the uses at issue,[2] only two of the Photographs appear to have been registered with the U.S. Copyright Office before the date the alleged infringement commenced. *See* SAC Ex. 2 Nos. 108-09. Moreover, the U.S. Copyright Office registrations state that the photographers—and not Plaintiff—are the copyright claimants.[3] *See* Declaration of Eleanor Lackman, dated June 17, 2022 ("Lackman Decl."), Ex. A.

Plaintiff further states in boilerplate fashion "on information and belief" that Girard "removed" and "added" added false copyright information to the Images as displayed, and similarly alleges mental state and objective with no factual allegations to support the conclusory allegations.  SAC ¶¶ 34-37.  However, as shown in the accompanying declaration, Plaintiff has deliberately misrepresented the evidence.  *Compare* SAC Ex. 2 *with* Lackman Decl., Exs. B-D.

Plaintiff has twice amended its complaint, the first time making substantial changes to include a wide swath of additional images, in response to arguments made by Girard's counsel in another case that the plaintiff promptly settled shortly thereafter.  ECF No. 22.  The second time (ECF No. 28), Plaintiff amended in order to address numerous pleading deficiencies identified by Girard in its pre-motion letter to this Court. ECF No. 25. Having made minimal changes that

---

[2] While Girard is not moving on statute of limitations grounds at this time, this explains the photographers' delay. As Plaintiff's counsel is aware from other cases that it has quickly settled, photographer agreements give the magazines either full ownership or carve-outs for a period of time to allow the magazines to send out press kits to promote their magazine issues using the images. The photographers know this, and they hope to rely on the "discovery rule" as a sword and shield: to get out of the dismissal on clear statute of limitations grounds and embrace the fact that the records of the licenses from the magazines to Girard have been mainly lost in the passage of time.

[3] The Second Circuit has held that district courts may take judicial notice of copyright registrations published in the federal Copyright Registry. *Island Software and Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005).

do not correct the fatal flaws in its pleadings, Girard now moves this Court to dismiss Plaintiff's SAC on several grounds.

### III.     Argument

#### A.     <u>Standard of Review</u>

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under *Twombly*, the Court must follow a two-pronged approach. First, while the Court must accept all well-pleaded factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, the Court need not and should not "'accept as true a legal conclusion couched as a factual allegation.'" *Id*. at 678-80 (quoting *Twombly*, 550 U.S. at 555).

Second, the Court must "determine whether [the well-pleaded allegations] plausibly give rise to an entitlement to relief." *Id*. at 679. There is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id*. As is the case here, a complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 557) (cleaned up).

4

Plaintiff knows its pleadings are deficient. Girard has told Plaintiff and the Court as much. Plaintiff nonetheless attempts to proceed past the pleading stage with little more than a sketch of the claims it asserts, and certainly without enough facts for a court to infer genuine misconduct. Plaintiff's pleadings are insufficient to state a claim under Rule 12, and should be dismissed.

**B.  As a Matter of Law, Plaintiff Has No Standing to Assert the Copyright Claims in this Action**

To be able to assert a claim for copyright infringement, a plaintiff must have standing relating to the alleged acts at the time they were allegedly committed.  In this Circuit, for standing to exist, the plaintiff must be the owner or exclusive licensee of one or more of the rights listed under Section 106 of the Copyright Act at the time of the alleged violation.  *See Knickerbocker Toy Co., Inc. v. Azrak–Hamway Int'l., Inc*., 668 F.2d 699, 702 (2d Cir. 1982) ("To prevail on a claim of copyright infringement, a plaintiff must show both ownership of a valid copyright and copying"); *see Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007) ("The right to prosecute an accrued cause of action for infringement is…an incident of copyright ownership."). The allegations in the SAC fail to support either ownership of the requisite rights, or that any such rights existed at the relevant time.[4]

---

[4] Section 106 of the Act lists six—and the only six—exclusive rights that may be enforced under the Act. These are the rights "to do and to authorize" the following with respect to a copyrighted work: (1) "reproduce," (2) "prepare derivative works," (3) "distribute copies," (4) "perform . . . publicly," (5) "display . . . publicly," and (6), for "sound recordings, to perform . . . publicly by means of a digital audio transmission." 17 U.S.C. § 106.  *See also John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 276 (S.D.N.Y. 2014), *aff'd*, 882 F.3d 394 (2d Cir. 2018). "The owner of one or more of the exclusive rights in the copyrighted work—any of [these] 'sticks' that make up section 106's bundle of rights—has standing to sue for any infringement of the right that occurs while it owns that right." 3 PAUL GOLDSTEIN, GOLDSTEIN ON COPYRIGHT § 1.9 (2017).

*First*, despite previewing the issue in Girard's pre-motion letter, the later-filed SAC still devotes only one paragraph to this critical matter.  It states in perfunctory fashion that it is "the sole and exclusive agent and representative for licensing and use" of the Images and has "full and complete authority to institute suit[.]" SAC ¶ 10.  But Plaintiff is well aware that being a mere agent for licensing and having a bare right to sue has repeatedly been held to be insufficient.  *See John Wiley & Sons, Inc. v. DRK Photo* ("*DRK Photo I*"), 998 F. Supp. 2d 262, 278 (S.D.N.Y. 2014), *aff'd*, 882 F.3d 394 (2d Cir. 2018) (holding that stock photo company's non-exclusive license and bare right to sue were insufficient to confer standing); *TufAmerica, Inc. v. Diamond*, No. 12-CV-3529 (AJN), 2015 WL 10846075, at *4-5 (S.D.N.Y. Mar. 24, 2015) (holding plaintiff lacked standing where its client "exclusively license[d] to [plaintiff] his right to sue and recover on all accrued and future causes of action in connection with all of the [client's] Copyrights"); *Righthaven LLC v. Hoen*, 716 F.3d 1166, 1169 (9th Cir. 2013) (affirming dismissal at pleading stage and holding Plaintiff lacked standing despite client agreement conveying "all copyrights requisite to have Righthaven recognized as the copyright owner of the Work for purposes of Righthaven being able to claim ownership as well as the right to seek redress for past, present, and future infringements of the copyright ... in and to the Work."). Holders of other rights or interests—even those who have contracted for an express right to sue for infringement—may not sue for copyright infringement. *DRK Photo I*, 998 F. Supp. 2d at 278;

6

*Righthaven*, 716 F.3d at 1169.[5]  "[A] nonexclusive license" does not qualify as a "transfer of copyright ownership," 17 U.S.C. § 101, and merely claiming to have an exclusive license does not make it so. *Righthaven*, 716 F.3d at 1170.

In the SAC, Plaintiff accuses Girard of violating, among other things, the reproduction, distribution, and display rights. SAC ¶ 21.  Plaintiff later references in passing some unspecified "exclusives [*sic*] rights in the copyrights" by publishing so-called "derivative works," without explaining what the derivative works are or how they are derivative works when the claim purports to relate to copies of originals. *Id.* at ¶ 20. Notably, Plaintiff does not allege that it owns exclusive rights in *any* of the rights that it asserts against Girard.  Moreover, the boilerplate allegation that it owns the "exclusive distribution right," *id.* at ¶ 10, fails to plead any facts – much less that this right is under the Copyright Act. Rather, it appears to be a shifty way to otherwise restate that Plaintiff is a mere agent for entering into deals to make photographs available on behalf of the principals, i.e., the photographers.  *Graham-Sult v. Clainos*, 756 F.3d 724, 748 (9th Cir. 2014). (quoting *Iqbal*, 556 U.S. at 678) (to claim standing, Plaintiff's

---

[5] This principle is so firmly established that it is ubiquitous, and therefore Plaintiff should not be relying on it in the SAC at all.  *See, e.g., DRK Photo I*, 998 F. Supp. 2d at 280-81. ("Where, as here, an agreement transfers 'nothing more than a bare right to sue ... [it] cannot be the basis for standing under the Copyright Act.'") (citing *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 2013 WL 1995208, at *7 (N.D. Cal. May 13, 2013)); *see Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 890 (9th Cir. 2005) ("The bare assignment of an accrued cause of action is impermissible under 17 U.S.C. § 501(b).");  *see also Righthaven*, 716 F.3d at 1169 (holding that plaintiff did not have standing to sue where the parties' agreement transferred copyright ownership, but with the limited purpose of granting the right to sue); *Russian Entm't Wholesale, Inc. v. Close-Up Intern.*, 767 F. Supp. 2d 392, 401 n. 13 (E.D.N.Y.2011) (a license between the parties that purported to give one party the right to sue, but did not provide the party with the right to reproduce or distribute copies of the work, was "not a valid licensing agreement because a party cannot assign exclusive rights solely for the purpose of having the licensee bring suit"), *aff'd*, 482 F. App'x 602 (2d Cir.2012) (summary order).

"complaint must contain sufficient factual matter" to make its claim to be an exclusive licensee and/or owner of its clients' photographs "plausible on its face.").  Nor, logically, could this claim be ownership of an exclusive (including as to the photographers themselves) right under 17 U.S.C. § 106(3): Plaintiff's ability to serve as an agent for licensing with only the distribution right would not give the licensee permission to do anything else that Plaintiff alleges—not reproduce, not display, or not otherwise use in a manner that would permit use on a website.  All of these rights are necessary for the functioning of a website that makes a copy and displays an image for public viewing. This in turn indicates that the photographers are the licensors of their rights to licensees and Plaintiff is not.  Relatedly, is axiomatic that a right-holder may sue only for infringement of the "particular right" they hold, and only with respect to infringement committed "while [they are] the owner of [that right]." 17 U.S.C. § 501(b); *see also John Wiley & Sons, Inc. v. DRK Photo* ("*DRK Photo II*"), 882 F.3d 394,405 (2d Cir. 2018).

Accordingly, putting aside the fact that Plaintiff does not explain how posting an image on a website is a "distribution" under Section 106(3), those other rights must lie with the photographers at the very least. Under Plaintiff's formulation, either the agreements with the photographers are artificially restricted (which means that any claims as to anything other than "distribution" must be dismissed) or the photographers are the rights-holders in full and the only rights Plaintiff has are as originally stated: to shop deals on the photographers' behalf as an agent and representative. In other words, being a "distributor" in an agency or representative capacity is not enough for the copyright laws, as the cases above confirm. Tellingly, Plaintiff includes *no* language from any of its agreements with the photographers, who indisputably own the copyright rights. *See* Lackman Decl., Ex. A.  If the agreements on which Plaintiff relies for standing said

8

what Plaintiff needs to show on this issue, Plaintiff would have attached them, but it did not. Accordingly, the crabbed language Plaintiff is forced to use – particularly as compared to the rights it asserts were in fact violated – reveals that Plaintiff does not and cannot possibly have the rights it needs in order to have standing.

Plaintiff cannot get out of its obligation to plead standing by omitting the key agreements that would establish what it needs to do in order to defeat the motion, namely, "**show** that a valid exclusive license" exists.  Plaintiff merely vaguely alleges the existence of such an agreement and concludes that it has standing, without specifically "alleg[ing] facts that affirmatively and plausibly suggest that it has standing to sue." *Dominguez v. Banana Republic, LLC*, No. 1:19-CV-10171-GHW, 2020 WL 1950496, at *2 (S.D.N.Y. Apr. 23, 2020) (quoting *Cortlandt Street Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 417 (2d Cir. 2015)); *see Warth v. Seldin*, 422 U.S. 490, 518, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("It is a long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings." (quoting *Grace v. American Central Ins. Co.*, 109 U.S. 278, 284, 3 S.Ct. 207, 27 L.Ed. 932 (1883)); *Tasini v. New York Times Co.*, 184 F. Supp. 2d 350, 355 (S.D.N.Y. 2002) ("[Plaintiff] cannot establish standing simply by resting on conclusory allegations in the complaint. Instead, he must make some affirmative factual showing that he is entitled to have the court hear his case."). "When determining whether an agreement confers standing, courts look to 'the substance of the agreement, not the labels it uses.'" *DRK Photo I*, 998 F. Supp. 2d at 280 (citing *HyperQuest, Inc.*

9

*v. N'Site Solutions, Inc*., 632 F.3d 377, 383 (7th Cir.2011); *Righthaven*, 716 F.3d at 1169).

"Merely calling" yourself an exclusive licensee or "copyright owner does not make it so," yet

Plaintiff does this and nothing more. *Righthaven*, 716 F.3d at 1168. *Accord DRK Photo I,* 998 F.

Supp. 2d at 281.

Ultimately, Plaintiff's contortions in its successive filings confirm that standing does not

exist.  If it had standing, it would plead the requisite rights – under the Copyright Act – as

identified in the alleged (and not submitted) agreements with the copyright owners.  Plaintiff

similarly would plead that it had the rights needed to pursue the alleged violations, and Plaintiff

makes no attempt at all to explain how it could plausibly pursue Girard for the reproduction,

display, or any other use of the Images.  That is because Plaintiff is, as courts have found with

similar schemes time and again, a mere agent for representing in licensing transactions the

photographers' purported rights, all of which rights the photographers presumptively still own.

*Second*, as noted above, the rights must have been owned by Plaintiff at the time the

alleged tort was committed. 17 U.S.C. § 501(b); *see ABKCO Music, Inc. v. Harrisongs Music,*

*Ltd*., 944 F.2d 971, 980 (2d Cir. 1991) ("[T]he assignee is only entitled to bring actions for

infringements that were committed while it was the copyright owner…").  Plaintiff has been

invited to explain how it had any authority to pursue uses ("distributions" or otherwise) that were

made between five and twelve years ago, contemporaneously with the time of the release of the

magazines at issue—when industry practice shows the photographers themselves did not have

exclusive rights and had let the magazines retain the rights to permit entities like Girard to make

the uses at issue.  Notably, Plaintiff is entirely silent on this point, which is a critical fact required

to establish standing.  Accordingly, for this independent reason, there is no standing and the claims must be dismissed with prejudice.

**C.** **Plaintiff Fails to Plead Facts Supporting Its Contributory and Vicarious Liability Claims**

Plaintiff's claim of "vicarious and/or contributory infringement" against both defendants is perfunctory at best, and fails to state a claim as it lacks crucial factual elements and is similarly legally untenable on the facts alleged. An overview of the standards demonstrates that the claims are an odd fit for the facts alleged, and that Plaintiff cannot stuff a pleading with theories that do not work in the case at bar.

"To establish a claim for contributory copyright infringement, a plaintiff must allege that the defendant 'with knowledge of the infringing activity, induce[d], cause[d], or materially contribute[d] to the infringing conduct of another.'" *Brought to Life Music, Inc. v. MCA Records, Inc.*, No. 02 CIV. 1164(RWS), 2003 WL 296561, at *2 (S.D.N.Y. Feb. 11, 2003) (quoting *Gershwin Pub. Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). Plaintiff makes no attempt to plead facts related to its second cause of action, which fails accordingly. *Wolk v. Kodak*, 840 F. Supp. 2d at 751 (S.D.N.Y. 2012) (dismissing secondary liability claims where there was no evidence that defendants "acted in concert to infringe upon the Plaintiff's rights"); *Lopez v. Bonanza.com, Inc*., No. 17 CIV. 8493 (LAP), 2019 WL 5199431, at *23 (S.D.N.Y. Sept. 30, 2019) (dismissing claims for direct and indirect liability at the pleading stage where the plaintiff failed to allege the requisite elements of such claims).

Here, Plaintiff sets forth its allegations exclusively "on information and belief," and does not even identify a third-party infringer. *See* SAC ¶¶ 25-31. None of the allegations in the Amended Complaint expressly mention any independent distributors, nor otherwise pin

11

responsibility for infringement on anyone other than Girard. It is well-settled that in order to state a cause of action for contributory infringement or vicarious infringement, a plaintiff must identify another party who was responsible for the direct infringement (to which the defendant contributed in some way). *Leonard v. Stemtech Health Scis., Inc.*, No. CV 08-67-LPS-CIB, 2013 WL 5288266, at *10 (D. Del. Sept. 19, 2013) (plaintiff failed to state a cause of action for vicarious/contributory infringement where it referenced no third-party infringer, nor any "material contribution to the infringement" by the defendant); *see Miller v. Facebook, Inc*., No. C. 10–00264 WHA, 2010 WL 1292708, at *3 (N.D. Cal. Mar. 31, 2010) (noting that, to sufficiently allege contributory or vicarious infringement, "[a]s a threshold matter, [ ] plaintiff must first establish that there has been direct copyright infringement by a third party"); *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc*., 591 F. Supp. 2d 1098, 1104 (N.D. Cal. 2008) ("All theories of secondary liability for copyright…infringement require some underlying direct infringement by a third party."). Plaintiff's second cause of action fails for this reason alone.

Moreover, Plaintiff's allegations that Girard had knowledge of the (nonexistent) third party infringement are scant, and entirely insufficient to support its second cause of action. Plaintiff simply alleges that "Girard personally publish[ed] photographs on GEM websites that were obtained from third parties that he knew, or should have known, were not authorized to be published by Defendant(s)…." *See* SAC ¶ 26. Plaintiff asserts no factual basis for this purported knowledge, and as noted above, does not even identify the third party infringer—likely because there was none given that the Images were supplied by the very magazines that hired the photographers to create those Images. Merely reciting the requisite elements of a claim is no substitute for facts. *Iqbal*, 556 U.S. at 678; *see Wolk*, 840 F. Supp. 2d at 750 (dismissing

12

contributory copyright infringement claim, noting that "the plaintiff must also demonstrate the defendant's knowledge of the infringing activity"). *See Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 619 (S.D.N.Y. 2013) (dismissing as conclusory the allegation that individual defendants "had knowledge, information, and control over [the] infringements"). Plaintiff's claim for contributory/vicarious infringement is therefore deficient and must fail for that reason alone.

Further, Plaintiff does not and cannot plausibly allege the element that Girard *materially contributed* to the alleged infringement of its copyrights, which requires the plaintiff to make "fact-based allegations" that the defendants "authorized, or played [a] part . . . in the alleged infringement." *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 619 (S.D.N.Y. 2013); *see also Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000) (dismissing contributory infringement claims where "no details [were] provided" regarding individual defendants' participation in the alleged infringements).

Plaintiff makes no attempt to meet the high bar for pleading a material contribution to infringement. "An allegation that a defendant 'merely provid[ed] the means to accomplish an infringing activity'" —which Plaintiff does not even manage in its meager pleadings—"is insufficient to establish a claim for contributory infringement." *Wolk*, 840 F. Supp. 2d at 750 (quoting *Livnat v. Lavi*, 96–CV–4967, 1998 WL 43221, at *3 (S.D.N.Y. Feb. 2, 1998)). "Rather, participation in the infringement must be 'substantial' and the 'authorization or assistance must bear a direct relationship to the infringing acts, and the contributory infringer must have acted in concert with the direct infringer.'" *Brought to Life Music*, 2003 WL 296561, at *2 (quoting *Livnat*, 1998 WL 43221, at *3). Here, Plaintiff does not allege any specific, much less

13

"substantial" action by Girard in concert with any third party related to infringement and Plaintiff certainly does not allege any material contribution by Girard to a third party's infringement efforts. *See also Live Face on Web, LLC v. The Control Grp. Media Co., Inc.*, 150 F. Supp. 3d 489, 500 (E.D. Pa. 2015) (dismissing contributory copyright infringement claim where the "necessary element of volition [wa]s missing" and therefore insufficient to show that the defendant "materially contributed" to the infringement). Nor does Plaintiff adequately allege that Girard induced a third party to commit infringement. *See Abbey House Media, Inc. v. Apple Inc.*, 66 F. Supp. 3d 413, 421 (S.D.N.Y. 2014) ("Inducement of copyright infringement requires purposeful, culpable expression and conduct that encourages copyright infringement") (quoting *Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005)). The SAC is bereft of any *factual* allegation of purposeful or culpable action by Girard, and contains only a vague statement that "Girard knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography…." SAC ¶ 26.

To allege vicarious copyright infringement, Plaintiff must plead sufficient facts to show that Girard (i) had the right and ability to control the infringing conduct ***and*** (ii) received a direct financial benefit from it. *See Lopez*, 2019 WL 5199431, at *23 (dismissing vicarious infringement claim at the pleading stage); *Berry v. Deutsche Bank Tr. Co. Americas*, No. 07 CIV. 7634 (WHP), 2008 WL 4694968, at *1 (S.D.N.Y. Oct. 21, 2008), *aff'd*, 378 F. App'x 110 (2d Cir. 2010) (same). Again, Plaintiff simply pleads, on information and belief, the elements of vicarious copyright infringement, without offering a single supporting fact to show it.  SAC ¶ 27 ("Girard is vicariously liable for the infringement alleged herein because he had the right and

14

ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct."). Plaintiff continues to fall short of the pleadings standards set forth in *Twombly*, 550 U.S. at 555. *See Gench v. HostGator.com LLC*, No. 14 Civ. 3592(RA)(GWG), 2015 WL 3757120, at \*11 (S.D.N.Y. June 17, 2015), *report and recommendation adopted*, No. 14-CV-3592 (RA), 2015 WL 4579147 (S.D.N.Y. July 29, 2015) (dismissing contributory and vicarious infringement claims where the allegations were "too vague" and "conclusory"); *see also Lopez*,  2019 WL 5199431, at \*23.

Plaintiff either misunderstands or misrepresents its pleading requirement, as it appears to allege that defendant Keith Girard, the individual, was able to "supervise [Defendant Girard Entertainment & Media's] distribution, broadcast, and publication" of the allegedly infringing content, and was is therefore liable for vicarious infringement. SAC ¶ 28. This is not the law. The "supervision" must be over a third-party, otherwise the infringement would not be vicarious. As discussed, Plaintiff has not identified any third party. *Hartmann v. Amazon.com, Inc*., No. 20 CIV. 4928 (PAE), 2021 WL 3683510, at \*6 (S.D.N.Y. Aug. 19, 2021) ("To establish secondary infringement claims under a theory of contributory or vicarious infringement, a plaintiff must first adequately allege direct infringement by a party **other than the defendant**.") (emphasis added); *Arista Recs. LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 422 (S.D.N.Y. 2011) ("To establish their secondary liability claims, Plaintiffs first must establish that [a third party] directly infringed Plaintiffs' copyrights."). Plaintiff's pleadings are legally deficient. Accordingly, its vague allegations that Girard obtained financial benefits from advertising are of no moment. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 806 (9th Cir. 2007) ("[Plaintiff] has failed to show that Defendants have the right and ability to control the alleged infringing conduct, it has

15

not pled a viable claim of vicarious liability. Accordingly, we need not reach the issue of direct financial interest.").

Even if Plaintiff had adequately alleged supervision, however, its allegation that Girard received "revenue…collected in connection with advertising that was sold for display with the Infringing Use," is not sufficient to allege "an obvious and direct financial interest in the exploitation of the copyrighted materials." *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 971 (2d Cir. 1997) (citations omitted) (dismissing vicarious infringement claim because there was no "direct financial interest").

Plaintiff fails to allege facts demonstrating that viewers are drawn to the Website based on the allegedly infringed images, some of which are nearly a decade old. SAC ¶ 17. Plaintiff simply suggests that advertising, incidental to the allegedly infringing use, results in some revenue, but does not allege that the Images themselves draw in viewers, or directly financially benefit Girard, and that they did so within the past three years. *See Sohm v. Scholastic Inc.*, 959 F.3d 39, 51 (2d Cir. 2020) (revenues earned at times prior to three years before suit are not recoverable). Thus, Girard does not have an "obvious and direct financial interest in the exploitation of copyrighted materials," such that they could be found vicariously liable for someone else's activity. *Parker v. Google*, 422 F. Supp. 2d 492, 500 (E.D. Pa. 2006), *aff'd*, 242 F. App'x 833 (3d Cir. 2007) (vicarious infringement claim dismissed based on failure to allege defendant had a direct financial interest in the allegedly infringing activity); *see also Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 613 (9th Cir. 2018) (despite receiving advertising revenue, defendant did not directly benefit from work at issue).

16

**D.**     **Plaintiff's Submission of Objectively False Evidence Is No Substitute for the Obligation to Plead Plausible Facts as Required to State a Claim Under 17 U.S.C. § 1202**

Plaintiff's claims under Section 1202 of the Copyright Act are not simply factually deficient in their boilerplate nature, but they are objectively false and premised on misrepresented evidence attached to the SAC.

As a threshold matter, it appears that Plaintiff's claim does not even belong to it.  Plaintiff once again attempts to stand in the shoes of the actual copyright owners, but is the wrong party to do so. Plaintiff alleges that Girard "intentionally removed Plaintiff's and the respective photographers' copyright management information from certain Subject Photography," but does not assert that August Image LLC should appear in the copyright management information ("CMI"), nor can it. As discussed, Plaintiff unconvincingly claims to own a single stick in the bundle of copyright rights under Section 106, specifically the exclusive right to distribute the images. All other rights remain with the actual copyright holders—the photographers—none of whom are party to this case, and each of whom would be the only appropriate party to assert the alleged violation of Section 1202, if the claim had any merit (it does not). Plaintiff in no way ties its purported "injury" from alleged incorrect crediting to itself; if the photographers' names are not included, then they claim is theirs, not Plaintiff's.

Even if Plaintiff did have standing, its claims under the DMCA would fail. To properly state a claim under either prong of 17 U.S.C. § 1202, a Plaintiff must plead plausible *facts* under a double-scienter standard.  *Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018) (Under § 1202(a) Plaintiff "must plausibly allege that [Girard] knowingly provided false copyright information *and* that [Girard] did so with the intent to induce, enable, facilitate, or conceal an infringement"); *RAZ Imports, Inc. v. Regency Int'l Bus. Corp.*, No. 3:19-CV-01855-E, 2020 WL

17

4500627, at *3 (N.D. Tex. Aug. 5, 2020) (Under § 1202(b) "[Plaintiff] must allege (1) the

existence of CMI on the [infringed work]; (2) removal and/or alteration of that [CMI]; and (3)

that the removal and/or alteration was done intentionally.") (citation omitted).

As Plaintiff's counsel is aware, Plaintiff's allegations – made solely on information and

belief and which have been copy-pasted from dozens of other complaints involving various

parties having nothing to do with this case – are not viable.  *See Mills v. Netflix, Inc.*, 2020 WL

548558, at *3 (C.D. Cal. Feb. 3, 2020) (dismissing claim brought by Plaintiff's counsel, which

was built on substantially similar allegations, finding that the plaintiff "fail[ed] to plead sufficient

facts regarding [d]efendants' knowledge and intent as required for his DMCA claim.").

Section 1202 claims are frequently dismissed at the pleading stage, and Plaintiff's fact-

deficient claim should be no exception. *See, e.g., Spinelli v. Nat'l Football League*, 903 F.3d

185, 205 (2d Cir. 2018) (dismissed at pleadings stage for failure to identify specifically what and

how CMI was removed); *Chevrestt v. Am. Media, Inc.*, 204 F. Supp. 3d 629, 632 (S.D.N.Y.

2016) (dismissed at pleading stage for failure to plead facts supporting mental state); *Stevens v.

Corelogic, Inc.*, 899 F.3d 666, 673-75 (9th Cir. 2018) *cert denied*, 139 S. Ct. 1222 (2019)

(dismissed for failure to identify how identifiable infringements have been or will be affected);

*Masck v. Sports Illustrated*, 2014 WL 12658971, at *4 (E.D. Mich. Mar. 10, 2014) (amended

complaint futile because it made "only a conclusory allegation with no factual basis for the Court

to plausibly infer actual knowledge under the DMCA").

*First*, Plaintiff's allegations are vague as to whether and what information is false.

Plaintiff alleges in generalized fashion that the Images are "routinely published with attribution,

credit, and other [CMI] identifying the respective photographers as the authors and Plaintiff as an

18

owner of rights in the copyrights." SAC ¶ 33. Yet, despite providing an exhibit showing each of the Images it alleges was infringed, Plaintiff points to only one purported example of the CMI it claims Girard removed and/or added that was false, without even alleging that the image had CMI with it in the first instance. For the remaining 139 Images, Plaintiff fails to provide any specificity or examples of what the CMI should have been, how it was presented with the images, how Girard knew what the proper CMI was, and how Girard allegedly changed or removed it.  And unsurprisingly, Plaintiff failed to provide even one example in which Plaintiff itself (rather than its clients, the proper copyright owners) was given attribution or credit "as an owner of rights in the copyrights." *Id.* Where no predicate information is provided, it cannot be assumed that Girard provided anything that constituted false CMI. *See Laser Kitten, LLC v. Marc Jacobs Int'l, LLC*, No. 17 Civ. 8613, 2018 WL 4830091, at *3 (S.D.N.Y. Oct. 4, 2018) (finding bare allegation that defendant replaced plaintiff's CMI with its own to be conclusory under *Iqbal*). In fact, as discussed more thoroughly *infra*, in the examples that Plaintiff did not strategically crop to remove key evidence, Girard *did* provide CMI that correctly credits the purported author of the Image. *See, e.g.,* SAC Ex. Nos. 19, 21, 26, 27, 103, 137, 148; *see* Lackman Decl., Exs. C, D. Plaintiff's claim should be dismissed on this basis alone. *Spinelli v. Nat'l Football League*, 903 F.3d 185, 205 (2d Cir. 2018) (Plaintiff's "conclusory allegation to the effect of 'CMI was removed' will not suffice. Dismissal of Plaintiffs' CMI claim should therefore be affirmed.").

*Second*, Plaintiff entirely fails to plead the requisite mental state under Section 1202. As to the 139 Images not specifically referenced in the SAC, Plaintiff offers no examples of incorrect CMI, much less facts sufficient to show that Girard *knowingly* changed or removed

them. In fact, Plaintiff puts forth no information at all regarding Girard's culpable state of mind as to the purportedly incorrect CMI. *Chevrestt v. Am. Media, Inc.*, 204 F. Supp. 3d 629, 632 (S.D.N.Y. 2016) (dismissing plaintiff's claim "[s]ince there are no factual allegations supporting an inference that [defendant's] CMI alteration or removal was done intentionally.").

*Third*, it is implausible that a public website would omit or change a credit in order to "cover its tracks" when Plaintiff itself readily found the Images via searching for the Images themselves, not for the photographers' names. Even where intent may be pleaded generally, plausibility is still required. *Twombly*, 550 U.S. at 561-62. And an allegation has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). A complaint's factual allegations should be rejected as implausible in the face of an "obvious alternative explanation," such as no author credit in the original, as shown in the single example provided. *Id*. at 682 (citation omitted). Courts have thus declined to accept factual allegations that, as here, are contrary to "common sense." *Id*. at 679. Moreover, in the scant allegations regarding the DMCA, Plaintiff alleges intent only on information and belief, with no supplied facts. This is not enough. *Iqbal*, 556 U.S. at 678; *AppSoft Dev., Inc. v. Diers, Inc.*, No. 3:13-cv-1520, 2014 WL 3893316, at *4 (M.D. Fla. Aug. 8, 2014) (reciting language of Section 1202(a) and making generalized allegations that defendants have committed the act was insufficient to avoid dismissal of DMCA claim).

Plaintiff is well aware of these deficiencies. In their pre-motion letter, Girard pointed out the lack of specificity in Plaintiff's pleadings. *See* ECF No. 25. In response, Plaintiff sought leave from this Court to "be allowed to amend its complaint the cure the perceived deficiencies."

ECF No. 26. But, again, Plaintiff failed to tailor these pleadings to the case at hand and made no effort to add facts sufficient to state a viable claim for a violation of Section 1202.

Nonetheless, the pleading deficiencies ultimately do not matter given that Plaintiff has submitted deliberately doctored evidence to the Court. Exhibit 2 of the SAC purportedly contains screenshots of each alleged infringement. SAC ¶ 15, 36. Plaintiff claims that Girard "published certain Subject Photography…under its own name and branding, and removing Plaintiff's attribution information, including without limitation Plaintiff's name and/or the respective photographer's name and/or metadata." SAC ¶ 36. This, however, is a gross misrepresentation of the evidence that Plaintiff itself presents to the Court. Tellingly, each screenshot in Exhibit 2 is carefully cropped to remove as much context as possible *including the credit attribution for nearly every image.*

For example, SAC Ex. 2 Nos. 6 and 7 depict images of actress Lea Michele on Girard's Website, strategically cropped and presented to the Court to exclude any credits or attribution. Not only do the actual Images on Girard's Website (since removed per standard practice in the event of a claim), contain a watermark crediting the publisher (*Mark Townsend Beauty*), the article itself expressly states that "Don Flood shot the photos." *See* Lackman Decl., Ex. C at 33-36, 44-46. Plaintiff indisputably has habitually employed strategic cropping of Girard's Websites in each iteration of its Complaint in order to fabricate a claim for removal of CMI.[6] Such blatant misrepresentations cannot support Plaintiff's DMCA claim.

---

[6] Girard provides in the declaration of counsel, submitted herewith, a small sample of Plaintiff's blatantly misrepresented evidence. *Compare* SAC Ex. 2, Nos. 40, 54, 94 (cropping or obscuring *GQ* watermark); Nos. 47, 83 (same); Nos. 30, 78 (same); No. 10 (cropping out Greg Williams' CMI); Nos. 18, 72 (cropping out *TeenVogue* watermark); Nos. 49-52 (removing Camilla Akrans' CMI and/or *Harper's Bazaar* watermark); Nos. 64, 98-103 (removing Steven Pan's CMI and/or

As mentioned *supra* and is so key to the standing question, Girard received permission to display the Images on his Websites from publishers like *GQ*, *Fashion*, *Marie Claire*, *US Weekly* and *Wonderland*. It is clear from the material in the record that because these publishers provided the Images (which they presumably licensed from Plaintiff or the actual copyright holder), if the publishers did not provide author credit, Girard's articles identified the publisher as the source of the photographs. *See, e.g.,* Lackman Decl., Ex. C at 2, 4, 9, 16, 18, 20, 23, 25; Ex. D.  But again, at every opportunity, Plaintiff took pains to obscure or remove this credit in its filing to give the appearance that Girard—rather than Plaintiff itself—had removed its clients' CMI. *Compare id. with* SAC Ex. 2 Nos. 42, 53, 66, 82, 131.

Furthermore, some of Plaintiff's own examples undercut its pleadings. In a few instances, Plaintiff failed to crop out the watermarks for author attributions prominently displayed on Girard's Websites. In those instances, Plaintiff's own Exhibits show that the alleged author of the Image was properly credited,[7] undermining plaintiff's claim that Girard removed CMI.

Finally, with respect to specific photographs displaying the exact spread or layout of a publisher's magazine article (*see* Lackman Decl., Ex. D), Girard's use thereof constitutes a classic fair use: it shows what the magazine cover looks like, and the image is inherently part of that informational use.  *See Yang v. Mic Network Inc*., No. 20-4097-CV, 2022 WL 906513, at *3

---

*GQ* watermark) *with* Lackman Decl., Ex. C 1-4, 8, 9; 16, 18; 20; 10-11; 22-25; 29-32, 37-43; 5-7 (respectively).

[7] For example, SAC, Ex. 2, Nos. 19, 21, 26, 27 (Ben Hassett for *Violet Grey*); 103 (Steven Pan for *GQ Magazine*); 137, 148 (Kerry Hallihan for *Elle UK*). Exhibit 2, No. 48 appears to misattribute an Image of Kristen Stewart (authored by Sebastian Kim) to Karl Lagerfeld. Lagerfeld photographed Stewart on more than one occasion, and died around the time the image was published, sparking a flurry of retrospectives about his career. To the extent this image was misattributed, the use of incorrect CMI obviously was a genuine mistake, rather than a deliberate intent to alter or remove credit of the actual author.

(2d Cir. Mar. 29, 2022) (holding defendant's screenshot of another publication's article—including headline, and portion of allegedly infringed photograph—on its website for purposes of reporting on the story to be fair use; affirming motion to dismiss).

As noted, Plaintiff had ample opportunity to show the allegedly deliberate removal and/or fabrication of CMI in Exhibit 2 of its SAC and chose not to. In fact, Plaintiff took pains to deliberately remove any indication of CMI—correct or otherwise—provided by Girard. Plaintiff has repeatedly chosen to rely on nothing more than a bare-bones recitation of the elements for this cause of action and selectively cropped screenshots of the alleged uses. *See* Lackman Decl., Exs. B-D. For all of these reasons, Plaintiff's DMCA claim should be dismissed.

E.   **Ninety-Nine Percent of Plaintiff's Claims for Statutory Damages and Attorney's Fees Under 17 U.S.C. § 505 Are Facially Barred by 17 U.S.C. § 412**

With two exceptions,[8] none of the allegedly infringed Images were registered with the U.S. Copyright Office prior to the alleged infringement, and thus Plaintiff cannot claim statutory damages and attorneys' fees for their alleged infringement.  *See* Lackman Decl., Ex. E (comparing Image registration dates to dates of alleged infringement); *see also* Lackman Decl., Ex. A. Under the Copyright Act, a Plaintiff cannot claim statutory damages and attorney's fees for "any infringement of copyright…commenced before the effective date of its registration." 17 U.S.C. § 412. This prohibition "extends to preclude statutory damages and attorney's fees for an ongoing series of infringing acts where the first act occurred before registration." *Wells v. John Wiley & Sons, Inc*., 2016 WL 889786, at *4 (S.D.N.Y. Feb. 17, 2016). With almost no exception, Plaintiff does not allege that Girard engaged in any infringing acts for the first time after the

---

[8] Images AU1756840 and AU1756842.

23

Images were registered, and thus cannot claim statutory damages or attorneys' fees as to those Images. Accordingly, as to all alleged infringements occurring before the date of registration,[9] this Court should dismiss Plaintiff's claims to statutory fees and damages under 17 U.S.C.§ 504(c)(2).

## IV.    Conclusion

Despite numerous opportunities to plead sufficient facts to support its claims, Plaintiff's SAC is premised on boilerplate and misrepresentations to the Court. Plaintiff does not and cannot assert standing under the Copyright Act, fails to allege secondary infringement, made easily documented misrepresentations about the removal of CMI, and seeks statutory damages and attorney's fees when it knows they are statutorily barred. Given that Plaintiff has failed to adequately allege a single claim in its SAC, Girard respectfully requests that this Court dismiss Plaintiff's SAC with prejudice.

---

[9] Any argument that the Court cannot dismiss relief as to some images and not others is invalid. Courts frequently dismiss claims as to specific works, while retaining facially valid claims. *See, e.g., Minden Pictures, Inc. v. Buzzfeed, Inc*., 390 F. Supp. 3d 461, 470 (S.D.N.Y. 2019) (dismissing as time-barred claims related to the majority of the allegedly infringed images, while denying defendant's motion to dismiss sixteen others); *Kwan v. Schlein*, 246 F.R.D. 447, 453 (S.D.N.Y. 2007) (finding that plaintiff could pursue statutory damages with regard to editions published after she registered her work but not uses that preceded her registration). This makes sense given that mental state is relevant as to works that are subject to statutory damages, while it is irrelevant to those that are not.  *See* 17 U.S.C. § 504(b)-(c).

DATED:  New York, New York
          June 17, 2022

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP

By: _____
      Eleanor M. Lackman
      437 Madison Ave., 25th Floor
      New York, New York 10022-7001
      Telephone: (212) 509-3900
      Facsimile: (212) 509-7239
      Email:  eml@msk.com

*Attorneys for Defendants Girard Entertainment & Media LLC and Keith Girard*

25