UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUGUST IMAGE, LLC,

Plaintiff,

v.

GIRARD ENTERTAINMENT & MEDIA LLC and KEITH GIRARD,

Defendants.

Case No. 1:21-CV-09397 (ER)

**DEFENDANTS GIRARD ENTERTAINMENT & MEDIA LLC AND KEITH GIRARD'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF AUGUST IMAGE, LLC'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

MITCHELL SILBERBERG & KNUPP LLP
Eleanor M. Lackman (eml@msk.com)
Ian T. Logan (itl@msk.com), *pro hac vice*
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendants Girard Entertainment & Media LLC and Keith Girard*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........ 1

FACTUAL BACKGROUND ........ 2

ARGUMENT ........ 4

I. LEGAL STANDARD ........ 4

II. THE PROPOSED AMENDMENTS ARE FUTILE ........ 5
A. Plaintiff Fails to Plead the Requisite Standing to Bring this Claim ........ 5
B. Plaintiff Fails to Adequately Plead the Other Elements of Its Claim ........ 9
C. Plaintiff's Claims Also Are Untimely ........ 13

CONCLUSION ........ 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*,
944 F.2d 971 (2d Cir. 1991)....................11, 12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................9

*August Image, LLC, et al. v. Girard Entertainment & Media LLC, et al.*,
No. 1:23-cv-1492 (S.D.N.Y. Feb. 22, 2023)....................3

*Baron A. Wolman Archives Tr. through Wareham v. Complex Media, Inc.*,
No. 20 CIV. 152 (ER), 2022 WL 523597 (S.D.N.Y. Feb. 22, 2022)....................13

*Campinha-Bacote v. Tenney*,
No. 10-CV-3165 RRM ALC, 2011 WL 703936 (E.D.N.Y. Jan. 28, 2011)....................5

*Chan v. Reno*,
916 F. Supp. 1289 (S.D.N.Y.1996)....................5

*Contractual Obligation Prods., LLC v. AMC Networks, Inc.*,
No. 04 CIV. 2867 BSJ HBP, 2006 WL 6217754 (S.D.N.Y. Mar. 31, 2006)....................12

*Creative Photographers, Inc. v. Girard Entertainment & Media LLC, et al.*,
No. 1:21-CV-09398, ECF No. 31 (S.D.N.Y. Mar. 25, 2022)....................8

*Creative Photographers, Inc. v. Julie Torres Art, LLC*,
No. 1:22-CV-00655, 2023 WL 2482962 (N.D. Ga. Mar. 13, 2023)....................8, 9

*Creative Photographers, Inc. v. Julie Torres Art, LLC*,
No. 1:22-CV-00655, Dkt. No. 44 (N.D. Ga. Mar. 26, 2023)....................9

*Davis v. Blige*,
505 F.3d 90 (2d Cir. 2007)....................6

*Dominguez v. Banana Republic, LLC*,
No. 1:19- CV-10171-GHW, 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020)....................7

*Foman v. Davis*,
371 U.S. 178 (1962)....................4

*FW/PBS, Inc. v. City of Dallas*,
493 U.S. 215 (1990)....................7

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Gayle v. Larko*,
No. 18 CIV. 3773 (ER), 2019 WL 4450551 (S.D.N.Y. Sept. 17, 2019) ................................12

*Graham-Sult v. Clainos*,
756 F.3d 724 (9th Cir. 2014) ..........................................................................................10

*Hirsch v. Rehs Galleries, Inc.*,
No. 18-CV-11864 (VSB), 2020 WL 917213 (S.D.N.Y. Feb. 26, 2020) ................................13

*In re LATAM Airlines Grp. S.A.*,
No. 20-11254 (JLG), 2022 WL 3965697 (Bankr. S.D.N.Y. Aug. 31, 2022) ...........................5

*John Wiley & Sons, Inc. v. DRK Photo*,
882 F.3d 394 (2d Cir. 2018)............................................................................................10

*John Wiley & Sons, Inc. v. DRK Photo*,
998 F. Supp. 2d 262 (S.D.N.Y. 2014), *aff'd*, 882 F.3d 394 (2d Cir. 2018).......................5, 6, 7

*Joseph v. Buffalo News, Inc.*,
792 F. App'x 60 (2d Cir. 2019) .........................................................................................4

*Knickerbocker Toy Co., Inc. v. Azrak-Hamway Int'l., Inc.*,
668 F.2d 699 (2d Cir. 1982)...............................................................................................5

*Lans v. Digital Equip. Corp.*,
252 F.3d 1320 (Fed. Cir. 2001)...........................................................................................9

*Lixenberg v. Complex Media, Inc.*,
No. 22-CV-354 (RA), 2023 WL 144663 (S.D.N.Y. Jan. 10, 2023) .......................................14

*Marvullo v. Gruner & Jahr*,
105 F. Supp. 2d 225 (S.D.N.Y. 2000)..............................................................................12

*McCarthy v. Dun & Bradstreet Corp.*,
482 F.3d 184 (2d Cir. 2007)...............................................................................................4

*Minden Pictures, Inc. v. BuzzFeed, Inc.*,
390 F. Supp. 3d 461 (S.D.N.Y. Feb. 21, 2019)..................................................................14

*Righthaven LLC v. Hoehn*,
716 F.3d 1166 (9th Cir.2013) .........................................................................................6, 8

*Ruffolo v. Oppenheimer & Co.*,
987 F.2d 129 (2d Cir. 1993)...............................................................................................4

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Scroggins v. Scroggins*,
No. 15 CIV. 9524 (PAE), 2017 WL 1047356 (S.D.N.Y. Mar. 16, 2017) ............................12

*Tasini v. New York Times Co.*,
184 F. Supp. 2d 350 (S.D.N.Y. 2002)........................................................................7

*Tiraco v. New York State Bd. of Elections*,
963 F. Supp. 2d 184 (E.D.N.Y. Aug. 7, 2013) ..........................................................4

*TufAmerica, Inc. v. Diamond*,
No. 12-CV-3529 (AJN), 2015 WL 10846075 (S.D.N.Y. Mar. 24, 2015) ...............................7

*Warth v. Seldin*,
422 U.S. 490, 95 S.Ct. 2197 (1975)..........................................................................7

**STATUTES**

17 U.S.C.
§ 106.................................................................................5, 9, 10, 12
§ 106(3).........................................................................................10
§ 501(b).................................................................................6, 10, 11, 12
§ 1202...........................................................................................1, 2, 3

**OTHER AUTHORITIES**

Fed. R. Civ. P.
8(a) ...............................................................................................12
12(b)(6) ..........................................................................................13
15(a) ...............................................................................................4

## PRELIMINARY STATEMENT

After three bites at the apple, and in the face of a motion to dismiss that called out not just serious pleading errors but misrepresentations of fact through doctored evidence (*see generally* ECF No. 33), Plaintiff wants a fourth chance to try to get it right. Plaintiff still fails. To be sure, Defendants have no issue with Plaintiff's dismissal from the case a whopping 143 images, as well as secondary liability claims and a claim for violations of Section 1202 of the Copyright Act. Plaintiff should have done so after Defendants' pre-motion letter rather than putting Defendants through briefing on issues that Plaintiff does not wish the Court to decide. In any event, what remains continues to be deficient, as is what Plaintiff proposes to add.

In particular, despite making it very clear in Defendants' motion to dismiss, Plaintiff fails to address the issue of standing at all. This is because Plaintiff cannot: multiple courts have found that Plaintiff and others like it do not have standing under the law. The fact that Defendants have asked for a copy of the relevant client agreement for seven months, without any response, all but concedes the truth that there is no standing. Further, Plaintiff has been dilatory, both in its bringing of the claim and in correcting errors, which Plaintiff appears to not have done fully. This delay provides a different, standalone basis to reject the effort to amend.

Plaintiff has used the guise of agency to pursue dozens of parties without following the strict rules under copyright law regarding standing. Plaintiff should not be able to do so here. If the photographer, Joseph Pugliese, has standing (and he likely does not under all standard industry agreements), then he should be the one to bring the suit. The fact that he will not raises other questions, but none that would make the TAC viable. Plaintiff's Motion for Leave to File a Third Amended Complaint (the "Motion") should be denied and this action should be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff August Image, LLC ("Plaintiff") is a licensing agent and representative for photographers—in this case, Joseph Pugliese—via an alleged client agreement (the "Agreement"), which is not attached to the Plaintiff's Second Amended Complaint or proposed Third Amended Complaint. *See* ECF No. 28 ("SAC") ¶ 10; ECF No. 53-1 ("TAC") ¶ 10. No further detail is provided regarding this relationship except for the assertion that the Agreement purportedly gives Plaintiff the right to sue on behalf of Mr. Pugliese. *Id*.

Defendants Girard Entertainment & Media LLC and Keith Girard ("Defendants") own and operate the celebrity and fashion news websites www.thenyindependent.com and www.celebrityhealthfitness.com (the "Websites"). SAC ¶ 13. In its proposed TAC, Plaintiff alleges that Defendants publicly displayed without authorization eight images (the "Images") in connection with articles posted on the Websites eight years ago. TAC ¶¶ 12-14, Ex. 2. Based on little more than this scant allegation, Plaintiff seeks leave to bring a single claim of direct copyright infringement. TAC ¶¶ 17-23.

Plaintiff filed its initial Complaint on November 13, 2021 and filed its First Amended Complaint ("FAC") on March 28, 2022, to add a wide swath of allegedly infringed images. ECF No. 22. Thereafter, Defendants filed a letter with the Court seeking to file a motion to dismiss the FAC on the grounds that Plaintiff lacked standing, brought untimely claims, and failed to plausibly allege violations of 17 U.S.C. § 1202. *See* ECF No. 25. In response to the deficiencies raised by Defendants, Plaintiff filed its SAC on May 20, 2022. ECF No. 28.

Plaintiff's SAC maintained many of its prior deficiencies, and Defendants promptly moved to dismiss the SAC on the grounds that Plaintiff still lacked standing, failed to plead facts supporting its claims for contributory and vicarious liability, submitted false or fabricated evidence

in support of its claims, and was barred from seeking statutory damages as to nearly all of its claims.[1] ECF No. 33 ("Motion to Dismiss" or "MTD").

Nearly nine months later, Plaintiff sought Defendants' consent to file a TAC, which, despite dropping 143 images and all but one of its claims, still presented numerous deficiencies. As a non-exhaustive example, the proposed TAC included Exhibits marked "1," "2" and "B." *See* Declaration of Eleanor M. Lackman, sworn to March 31, 2023 ("Lackman Decl."), Ex. C. Inexplicably, the proposed TAC sent to Defendants differed from the version currently before the Court, and included a previously undisclosed image, which later—and without warning to Defendants—became the subject of different litigation.[2] Lackman Decl. ¶ 5, Ex. C at 8, Ex. D at 5.

Plaintiff's proposed TAC would drop 143 images, as to which it cites the excuse that Plaintiff "do[es] not have timely registration for the claims at issue," as pointed out in Defendants' Motion to Dismiss. ECF No. 53 at 4; MTD at 30-31. The proposed TAC also "streamlines" Plaintiffs claims by altogether dropping its Second and Third claims for Vicarious/Contributory Infringement and violations of 17 U.S.C. §1202, respectively. See ECF No. 53-2 at 6-10. Plaintiff's decision to drop all but one of its claims and all but eight of the allegedly infringed images no doubt stems from Defendants' Motion to Dismiss, which made clear that such claims lacked merit. *See* MTD at 18-31.[3]

---

[1] Notably, none of the deficiencies raised by Defendants involved Plaintiff's "scrivener's errors," which Plaintiff identified for the first time in its February 22, 2023 letter to the Court (ECF No. 46), despite being present in prior iterations of the Complaint.

[2] *August Image, LLC, et al. v. Girard Entertainment & Media LLC, et al.*, No. 1:23-cv-1492 (S.D.N.Y. Feb. 22, 2023). Notably, the day after filing, Plaintiff amended its complaint to add photographer and copyright owner Mark Seliger as a plaintiff, no doubt to establish proper standing. *See id.*, ECF No. 9.

[3] Defendants reserve their rights to seek their fees as to these admittedly meritless claims.

While Defendants invite the dismissal of these multiple claims and 143 images, Plaintiffs have not even attempted to cure fatal defects in the proposed TAC, which have existed since the inception of this case, and the proposed amendment reveals even further issues. Because these flaws cannot be cured, the Court should deny Plaintiff's Motion as futile.

## ARGUMENT

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once as a matter of course; in all other cases, a party may amend only with the opposing party's written consent or the Court's leave. The Supreme Court has identified numerous reasons where leave should be denied, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The "grant or denial of an opportunity to amend is within the discretion of the District Court." *Id.*; *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."); *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 200-01 (E.D.N.Y. Aug. 7, 2013) ("Leave to replead should be denied, however, when amendment would be futile or when Plaintiff has repeatedly failed to cure the deficiencies in his pleadings."). "Where it appears that granting leave to amend is unlikely to be productive…it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord Joseph v. Buffalo News, Inc.*, 792 F. App'x 60, 64 (2d Cir. 2019). Plaintiff purports to correct registration numbers to distract from its attempt to

pass off its clients claims as its own. Nothing productive will come from Plaintiff correcting typographical errors in its fatally flawed suit. The Court should deny Plaintiff's Motion.

## II. THE PROPOSED AMENDMENTS ARE FUTILE

An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. *See, e.g., Chan v. Reno*, 916 F. Supp. 1289, 1302 (S.D.N.Y. Feb. 13, 1996); *Campinha-Bacote v. Tenney*, No. 10-CV-3165 RRM ALC, 2011 WL 703936, at *5 (E.D.N.Y. Jan. 28, 2011), *report and recommendation adopted*, No. 1O-CV-3165 RRM ALC, 2011 WL 705358 (E.D.N.Y. Feb. 17, 2011). As discussed here and in prior briefing before the Court, Plaintiff's claims, including the proposed TAC, are subject to dismissal for lack of standing, pleading deficiencies, and untimeliness. Accordingly, the Court should deny Plaintiff's Motion to make a futile amendment to its pleadings.

### A. Plaintiff Fails to Plead the Requisite Standing to Bring this Claim

To establish standing in this Circuit, a plaintiff must be the owner or exclusive licensee of one or more of the rights listed under Section 106 of the Copyright Act[4] at the time of the alleged violation. *See Knickerbocker Toy Co., Inc. v. Azrak-Hamway Int'l., Inc.*, 668 F.2d 699, 702 (2d Cir. 1982) ("To prevail on a claim of copyright infringement, a plaintiff must show both ownership of a valid copyright and copying"); *see Davis v. Blige*, 505 F.3d 90, 99 (2d Cir. 2007) ("The right

---

[4] Section 106 of the Act lists six—and the only six—exclusive rights that may be enforced under the Act. These are the rights "to do and to authorize" the following with respect to a copyrighted work: (1) "reproduce," (2) "prepare derivative works," (3) "distribute copies," (4) "perform . . . publicly," (5) "display . . . publicly," and (6), for "sound recordings, to perform . . . publicly by means of a digital audio transmission." 17 U.S.C. § 106. *See also John Wiley & Sons, Inc. v. DRK Photo* ("*DRK Photo I*"), 998 F. Supp. 2d 262, 276 (S.D.N.Y. Feb. 21, 2014), *aff'd*, 882 F.3d 394 (2d Cir. 2018). "The owner of one or more of the exclusive rights in the copyrighted work—any of [these] 'sticks' that make up section 106's bundle of rights—has standing to sue for any infringement of the right that occurs while it owns that right." 3 PAUL GOLDSTEIN, GOLDSTEIN ON COPYRIGHT § 1.9 (2017).

to prosecute an accrued cause of action for infringement is…an incident of copyright ownership.”). Despite Defendants’ repeated assertion of this fundamental deficiency, Plaintiff’s proposed fourth attempt at a complaint again fails to demonstrate that it has standing to bring this claim.

Plaintiff does not and cannot allege that it owns the Images at issue, nor that it registered the Images with the U.S. Copyright Office. In fact, a search of the corrected copyright registration numbers alleged in the proposed TAC shows that the author and owner of all rights and permissions to the Images is photographer Joseph Pugliese. *See* Lackman Decl. ¶ 2, Ex. A. Accordingly, Mr. Pugliese is the only individual who has standing to bring the claims asserted by Plaintiff. 17 U.S.C. § 501(b). Yet Mr. Pugliese is not, and never has been, a plaintiff in this case.

Ignoring this pivotal fact, Plaintiff’s SAC *and* proposed TAC state only that “[b]y virtue of contractual assignments with the respective photographers [*sic*], Plaintiff is the sole and exclusive agent and representative for the licensing and use of” the Images and “has full and complete authority to institute suit for [their] unauthorized use[.]” TAC ¶ 10. However, Plaintiff knows that this bald allegation is insufficient to confer standing to bring the claim at issue. “When determining whether an agreement confers standing, courts look to ‘the substance of the agreement, not the labels it uses.’” *DRK Photo I*, 998 F. Supp. 2d at 280 (citing *HyperQuest, Inc. v. N’Site Solutions, Inc.*, 632 F.3d 377, 383 (7th Cir. 2011); *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169 (9th Cir. 2013)). While Plaintiff claims to possess the “exclusive distribution right in the Subject Photography,” this allegation is a meritless red herring as to standing. TAC ¶ 10. “Merely calling” yourself an exclusive licensee or “copyright owner does not make it so,” yet Plaintiff does this and nothing more. *Righthaven*, 716 F.3d at 1168; *accord DRK Photo I,* 998 F. Supp. 2d at 281.

While Plaintiff vaguely alleges the existence of some agreement with Mr. Pugliese, it refuses to quote or produce the Agreement, and therefore fails to specifically "alleg[e] facts that affirmatively and plausibly suggest that it has standing to sue." *Dominguez v. Banana Republic, LLC*, No. 1:19- CV-10171-GHW, 2020 WL 1950496, at *2 (S.D.N.Y. Apr. 23, 2020) (quoting *Cortlandt Street Recovery Corp. v. Hellas Telecomm.*, 790 F.3d 411, 417 (2d Cir. 2015)); *see Warth v. Seldin*, 422 U.S. 490, 518 (1975) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("It is a long-settled principle that standing cannot be 'inferred argumentatively from averments in the pleadings.'" (quoting *Grace v. American Central Ins. Co.*, 109 U.S. 278, 284 (1883)); *Tasini v. New York Times Co.*, 184 F. Supp. 2d 350, 355 (S.D.N.Y. Jan. 25, 2002) ("[Plaintiff] cannot establish standing simply by resting on conclusory allegations in the complaint. Instead, he must make some affirmative factual showing that he is entitled to have the court hear his case.").

This issue is not new to Plaintiff or the Court. In pre-motion letters, Defendants previewed Plaintiff's lack of standing prior to its filing of the FAC and this Motion. ECF No. 25 at 2; ECF No. 49 at 3. Defendants also briefed the issue in their Motion to Dismiss Plaintiff's SAC. MTD at 5-11. Despite this, Plaintiff's proposed TAC offers no further facts or details on this point than it did in the SAC. Plaintiff knows that a bare right to sue, granted to a licensing agent is insufficient to confer standing. *See DRK Photo I*, 998 F. Supp. 2d at 278 (holding that stock photo company's non-exclusive license and bare right to sue were insufficient to confer standing); *TufAmerica, Inc. v. Diamond*, No. 12-CV-3529 (AJN), 2015 WL 10846075, at *4-5 (S.D.N.Y. Mar. 24, 2015) (holding plaintiff lacked standing where its client "exclusively license[d] to [plaintiff] his right to

sue and recover on all accrued and future causes of action in connection with all of the [client's] Copyrights"); *Righthaven*, 716 F.3d at 1169 (affirming dismissal at pleading stage and holding Plaintiff lacked standing despite client agreement conveying "all copyrights requisite to have Righthaven recognized as the copyright owner of the Work for purposes of Righthaven being able to claim ownership as well as the right to seek redress for past, present, and future infringements of the copyright ... in and to the Work."). Yet Plaintiff has taken no steps to cure this defect.

Indeed, earlier this month, a claim similar to Plaintiff's was dismissed for lack of standing where the plaintiff, a photograph-licensing agency similar and well known to Plaintiff,[5] alleged infringement based on a client agreement which made the agency the "exclusive agent to sell, syndicate, license, market or otherwise distribute" the client's photography, while also requiring that the photographer, "must be the sole owner of the copyright for all such photographs." *Creative Photographers, Inc. v. Julie Torres Art, LLC*, No. 1:22-CV-00655, 2023 WL 2482962, at *1 (N.D. Ga. Mar. 13, 2023) (hereinafter "*Torres Art*"). Relying in part on Second Circuit authority, the district court held that the "[p]laintiff lacks statutory standing in this matter." *Id* at *6, *8 (citing favorably *Plunket v. Doyle*, No. 99 CIV 11006, 2001 WL 175252, at *1 (S.D.N.Y. Feb. 22, 2001)). The court reasoned that "[t]he Agreement 'explicitly and conclusively' makes Plaintiff [the client's] agent but its terms do not otherwise expressly convey to Plaintiff an exclusive license to any of the § 106 rights. ***Other than reciting the text of the Agreement and asserting that the***

---

[5] The plaintiff in *Torres Art*, Creative Photographers, Inc. ("CPI") is, like Plaintiff, a repeat-litigator and frequent co-plaintiff of Plaintiff. *See* Lackman Decl. ¶ 6, Ex. F. CPI is also a client of Plaintiff's counsel, having previously brought suit against Defendants on nearly identical claims before quickly resolving them once the evidence showed that not only did CPI not have standing to sue, the photographers had given up their rights either temporarily for the exact purpose at issue—so that the magazines could allow third parties to promote the issues—or had given up their rights entirely and had improperly registered copyrights owned by the publications. *See Creative Photographers, Inc. v. Girard Entertainment & Media LLC, et al.*, No. 1:21-CV-09398, ECF No. 31 at 7-8 (S.D.N.Y. Mar. 25, 2022).

***language confers § 106 rights***, Plaintiff simply has not provided this Court with legal authority or other argument to interpret this language in any other manner." *Id* at *5 (emphasis added).

As in *Torres Art*, Plaintiff here merely asserts that its agreement with Pugliese confers Section 106 rights. Unlike the plaintiff in *Torres Art,* Plaintiff has consistently refused to produce its client Agreement with Mr. Pugliese, despite repeated requests by Defendants. Lackman Decl. ¶ 7. Plaintiff has not even provided language from the relevant client Agreement in *any* of the four iterations of its complaint that would suggest that it possesses any right whatsoever under Section 106. If it possessed such rights, Plaintiff would have shown as much, as it is required to do. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not constitute factually sufficient pleadings.); *see also Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1328-29 (Fed. Cir. 2001) (affirming district court's denial of leave to amend where original complaint falsely alleged plaintiff owned patent; such "allegations were not honest and understandable mistakes"). Tellingly, rather than amending its complaint to cure its deficient pleading as to standing, Creative Photographers, Inc. voluntarily dismissed its case in *Torres Art*. *See Creative Photographers, Inc. v. Julie Torres Art, LLC*, No. 1:22-CV-00655, Dkt. No. 44 (N.D. Ga. Mar. 26, 2023).

After four bites at the apple, Defendants can only conclude that Mr. Pugliese is the sole holder of the copyright rights to the Images, Plaintiffs have a non-exclusive license to the Images at best, and thus that Plaintiff lacks standing to bring this suit. The amendment proposed by Plaintiff does not (because it cannot) remedy this fatal defect, and thus the court should deny Plaintiff's Motion.

**B. Plaintiff Fails to Adequately Plead the Other Elements of Its Claim**

As Defendants have already made clear in prior briefings, a right-holder may sue ***only*** for infringement of the "particular right" they hold, and ***only*** with respect to infringement committed

"while [they are] the owner of [that right]." 17 U.S.C. § 501(b); *see also John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 405 (2d Cir. 2018). As noted above, Plaintiff does not allege that it had standing for the acts at the time they were committed, and yet claims infringement of a broad array of copyright rights that it does not (and cannot) substantiate. Because Plaintiff's fourth attempt at a viable complaint *still* does not meet this minimal requirement, leave to amend would be futile.

*First*, using language identical to that in the SAC, Plaintiff's proposed TAC alleges that Defendants violated, among other things, the reproduction, distribution, derivative work, and display rights enshrined in Section 106. TAC ¶¶ 12, 19-20. As noted, Plaintiff's boilerplate allegation that it owns the "exclusive distribution right" (TAC ¶ 10) fails to plead any actual facts, much less demonstrate that such right is a Section 106 right. Rather, Plaintiff's allegation is a semantic sleight of hand designed to hide that it is a mere agent tasked with coordinating licensing deals on behalf of the copyright owner, Mr. Pugliese. *Graham-Sult v. Clainos*, 756 F.3d 724, 748 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678) (to claim standing, Plaintiff's "complaint must contain sufficient factual matter" to make its claim to be an exclusive licensee and/or owner of its clients' photographs "plausible on its face.").

Even if Plaintiff does have an exclusive license of the Section 106(3) distribution right (it does not), Plaintiff's ability to serve as an agent for licensing with only the distribution right would not give the licensee permission to do anything else that Plaintiff alleges—i.e., reproduce, display, or otherwise use the Images in a manner that would permit publication on a website. Without these rights, a website cannot copy and display an image for public viewing. Although Plaintiff alleges that Defendants "copied, reproduced, displayed, and distributed the Subject Photography as part of the Infringing Use" (TAC ¶ 19), nowhere in the TAC does Plaintiff claim to own, through

its client Agreement or otherwise, the right to reproduce or display the Images at issue. This further indicates that Mr. Pugliese is the licensor of his copyrights in the Images to licensees and Plaintiff's role is limited to shopping deals on the photographers' behalf as an agent and representative.

*Second*, as noted above, the rights must have been owned by Plaintiff at the time the alleged tort was committed. 17 U.S.C. § 501(b); *see ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991) ("[T]he assignee is only entitled to bring actions for infringements that were committed while it was the copyright owner…"). As the proposed TAC demonstrates, the alleged infringing uses occurred in November 2015. *See* TAC, Ex. 2. The relevant copyright registrations, showing Mr. Pugliese as the author and copyright owner, were submitted in August 2014 and June 2015. Lackman Decl. ¶ 2, Ex. A. Nothing in Plaintiff's TAC or the factual record suggests Plaintiff owned any copyright rights to these Images during the alleged infringing use.[6] Accordingly, for this independent reason, there is no standing and Plaintiff's claims are subject to dismissal.

Plaintiff has been aware of these pleading deficiencies since before Defendants filed their Motion to Dismiss. *See* ECF No. 25. Yet Plaintiff's proposed TAC does nothing to cure its many defects. If the Agreement on which Plaintiff relies for standing said what Plaintiff needs to show on this issue, Plaintiff would have attached it, but it did not. Accordingly, the crabbed language Plaintiff is forced to use—particularly as compared to the rights it asserts were violated—reveals that Plaintiff does not and cannot possibly have the rights it needs in order to have standing.

[6]Plaintiff has been invited to explain how it had any authority to pursue uses ("distributions" or otherwise) that were made eight years ago, contemporaneously with the time of the release of the magazine(s) in which the Images were published—when industry practice shows photographers themselves do not have exclusive rights and allow magazines to retain the rights to permit entities like Girard to make the uses at issue. Declaration of Keith F. Girard, sworn to March 31, 2023 ("Girard Decl.") at ¶¶ 3-4, 7. Notably, Plaintiff is entirely silent on this point, which is a critical fact required to establish standing.

Because Plaintiffs do not (and cannot) adequately allege ownership of the necessary Section 106 rights, much less show ownership at the time of the alleged infringement, its claims are subject to dismissal. *See* 17 U.S.C. § 501(b); *ABKCO Music, Inc.* 944 F.2d at 980 (2d Cir.1991). Therefore, leave to amend would be futile and Plaintiff's Motion should be denied. *Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, No. 04 CIV. 2867 BSJ HBP, 2006 WL 6217754, at *5 (S.D.N.Y. Mar. 31, 2006) (denying leave to amend where "plaintiff does not have standing to bring a claim for copyright infringement because plaintiff was not the owner of the work when the alleged copyright infringement took place) (collecting cases).

*Third*, "Courts in the Southern District of New York have held that to meet the requirements of Rule 8(a), a complaint must plead with specificity the acts by which a defendant has committed copyright infringement." *Gayle v. Larko*, No. 18 CIV. 3773 (ER), 2019 WL 4450551, at *3 (S.D.N.Y. Sept. 17, 2019) (dismissing infringement claim without leave to amend for failure to plead sufficient facts to support it); *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 230 (S.D.N.Y. June 19, 2000). This includes specifying ***which acts*** of infringement were committed by ***which defendant*** and when. *Scroggins v. Scroggins*, No. 15 CIV. 9524 (PAE), 2017 WL 1047356, at *9 (S.D.N.Y. Mar. 16, 2017) ("a plaintiff must allege, inter alia, 'particular infringing acts' by ***that*** defendant") (citing *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd sub nom. Kelly v. L.L. Cool J*, 23 F.3d 398 (2d Cir. 1994)) (emphasis added). Here, Plaintiff's boilerplate allegations make no distinction between the Defendants, and do not allege with any specificity which defendant, accused of direct infringement, committed which acts of infringement, as to which Images, or at what times. Because Plaintiff's TAC fails to adequately plead its claim under Fed. R. Civ. P. 12(b)(6), Plaintiff's TAC is subject to dismissal. Thus, amendment would be futile.

### C. Plaintiff's Claims Also Are Untimely

Plaintiff is a serial litigant, with perhaps as much experience brining infringement claims as it does licensing its clients' photographs. As noted, its own pleadings show that the alleged infringement took place in November 2015. TAC, Ex. 2. Yet plaintiffs waited until November 2021—a full six years—to file suit. *See* ECF No. 1. Plaintiff's claim that it "discovered the infringement claims asserted herein beginning in 2020" and "could not have discovered the claims at issue sooner" strains credulity. TAC at ¶ 16; Motion at 5. Although Plaintiff holds fast to the principle that "a copyright holder does not have a general duty to "police the internet to discover [a defendant's] use of his [p]hotograph[s]" (Motion at 5), policing the internet is precisely what Plaintiff and its fellow photo licensing agencies do. *See, e.g., supra* Sec. II.A, n.5. This business practice places Plaintiff in a category of sophisticated copyright claimants, distinct from an individual photographer, unfamiliar with the courts.[7]

Contrary to Plaintiff's position, it is well understood that serial litigants like Plaintiff, accustomed to finding and prosecuting alleged infringement across the internet, are expected to bring suit within the three-year limitations period starting when the alleged infringement occurs. *Minden Pictures, Inc. v. BuzzFeed, Inc.*, 390 F. Supp. 3d 461, 470 (S.D.N.Y. Feb. 21, 2019) (denying leave to amend where habitual plaintiff offered "no explanation" as to why it "did not notice that several of its photographs were being posted by [the defendant] as early as 2011"); *see*

[7] Plaintiff's authority is thus distinguishable from the facts at hand. In *Baron A. Wolman Archives Tr. through Wareham v. Complex Media, Inc.*, No. 20 CIV. 152 (ER), 2022 WL 523597 (S.D.N.Y. Feb. 22, 2022), the original Plaintiff, Baron Wolman, was an 82-year-old photographer when he initiated suit. Likewise, the plaintiff in *Hirsch v. Rehs Galleries, Inc.*, No. 18-CV-11864 (VSB), 2020 WL 917213 (S.D.N.Y. Feb. 26, 2020) was also an individual photographer, who provided a declaration stating, "[P]rior to retaining [Liebowitz] to enforce his copyrights, Plaintiff did not search the internet for infringing activity as part of his ordinary course of business." *Id.* at *1 (alterations in original). Plaintiff here cannot convincingly argue the same.

*also Lixenberg v. Complex Media, Inc.*, No. 22-CV-354 (RA), 2023 WL 144663, at *2-*3 (S.D.N.Y. Jan. 10, 2023). Facts disclosed by Plaintiff in related litigation suggest that Mr. Pugliese has been a client of Plaintiff since 2012. Lackman Decl. ¶ 3, Ex. B. As discussed, for Plaintiff to bring its claim it must have owned the relevant copyrights during the time it alleges the infringement occurred—in this case, 2015. *See supra* Sec. II.B. As frequent litigators, Plaintiff should have known about the alleged infringement in 2015, or at least well within the limitation period. Instead of bringing suit in a timely fashion, Plaintiff waited twice the limitation period, knowing that, over time, emails granting permission to publish such images would be lost to email culling and deletion protocols. *See* Girard Decl. ¶ 6. Plaintiff's claim is untimely, and thus amendment would be futile.

Even if Plaintiff's claim is not found to be untimely (which Defendants dispute), Plaintiff's delay in bringing suit has prejudiced Defendants. Plaintiffs are well aware that magazines that publish the works of photographers like Mr. Pugliese routinely provide licenses to websites like Defendant to increase circulation of the original magazine article.[8] Plaintiff is also aware that such permissions are typically granted via email, and that email records are subject to deletion protocols in the normal course of business.[9] ECF No. 25 at 1; MTD at 29; ECF No. 49 at 3. Plaintiff's claim relies on this loss of evidence and thereby exploit the technicality that a license—which Defendants received to promote the magazines' articles including the Images—is an affirmative defense. Plaintiff's "gotcha" tactics, after the statute of limitations has run, smacks of bad faith in addition to creating prejudice. Plaintiff's Motion should be denied.

[8] Girard Decl. ¶¶ 3, 7.

[9] *See, e.g.*, *id.* ¶ 6; Exs. A, B.

## CONCLUSION

Despite several chances provided by the Court and with the benefit of argument in motion practice, Plaintiff still fails to state a claim and additionally has not been diligent in its pursuit of the matter, resulting in prejudice to Defendants. Accordingly, for the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's Motion for Leave to Amend.

Dated: New York, New York
March 31, 2023

Respectfully submitted,

MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Eleanor M. Lackman
Eleanor M. Lackman
Ian T. Logan
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239
Email: eml@msk.com

*Attorneys for Defendants Girard Entertainment & Media LLC and Keith Girard*