UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AUGUST IMAGE, LLC,

                    Plaintiff,

– against –

GIRARD ENTERTAINMENT &
MEDIA LLC *and* KEITH GIRARD,

                    Defendants.

**OPINION & ORDER**

21-cv-9397 (ER)

RAMOS, D.J.:

    August Image, LLC ("August Image") brought this copyright infringement action, alleging that Girard Entertainment & Media ("GEM") and its owner Keith Girard (collectively, "Defendants") unlawfully violated their ownership rights in certain original celebrity photographs ("the Photos")[1] of which August Image serves as the licensing agent. Before the Court is August Image's motion for leave to file a third amended complaint pursuant to Fed. R. Civ. P. 15(a)(2). Doc. 52. For the reasons set forth below, the motion is granted.

**I.    BACKGROUND**

    August Image is a New York company that contracts with photographers to serve as the "sole and exclusive agent and representative for the licensing and use of" their works.[2] Doc. 28 (Sec. Amend. Compl. ("SAC")) ¶ 10. Gem and Girard own and operate the websites www.thenyindependent.com and www.celebrityhealthfitness.com and corresponding social media platforms. *Id.* ¶ 7. August Image alleges that, beginning in 2020, it discovered for the first time that Defendants, without August Image's consent, used the Photos on their websites in 2015. *Id.* ¶ 17. August Image therefore brought

---

[1] The Photos consist of eight photographs of Jennifer Lopez taken by the photographer Joseph Pugliese. *See* Doc. 53-1.

[2] In the original complaint, August Image also noted that it is an agency representing "an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing." Doc. 1 ¶ 2. That language was omitted from the amended complaints.

claims for copyright infringement against Defendants on November 13, 2021.  Doc. 1. Defendants answered March 7, 2022.  Doc. 21.  On March 28, 2022, August Image amended its complaint.  Doc. 22.

Two months later, on May 20, 2022, August Image amended the complaint again. Doc. 28.  The SAC added claims based on vicarious and/or contributory copyright infringement and violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202). *Id*.  It also removed any claims based on photographs by the photographer Warwick Saint.  The SAC also removed a reference to August Image being the "exclusive licensee" of the Photos.  *Compare* Doc. 1 ¶ 15, *with* Doc. 28.  Rather, August Image alleged:

> By virtue of contractual assignments with the respective photographers, [August Image] is the sole and exclusive agent and representative for the licensing and use of [the Photos].  Pursuant to that assignment, [August Image] has full and complete authority to institute suit for the unauthorized use of said images and is the owner of the exclusive distribution right in the photography.  Thus, [August Image] is the exclusive owner of a copyright right in the Subject Photography under 17 U.S.C. § 106 and the beneficial owner under 17 U.S.C.§ 501(b) and has standing to bring this action.

Doc. 28 ¶ 10.

Defendants moved to dismiss the SAC on June 17, 2022.  Doc. 32.  They argued that August Image had no standing to assert the copyright claims; failed to plead facts supporting both its 17 U.S.C. § 1202 and contributory and vicarious liability claims; and only two of the allegedly infringed images were registered with the U.S. Copyright Office before the alleged infringement, meaning that all claims based on the non-registered images were facially barred by 17 U.S.C. § 412.  Doc. 33.  Despite the pending motion to dismiss, Defendants answered the SAC on February 21, 2023 and alleged that the answer was filed "without prejudice to its pending motion to dismiss."  Doc. 44 at 1.  The next day, August Image sought leave to amend its complaint again, alleging that several of the issues raised in the motion to dismiss would be mooted.  Doc. 46.  On March 2, 2023, the Court denied without prejudice the pending motion to dismiss the SAC as moot.  Doc. 50.

It also granted August Image leave to file a motion to amend and permitted Defendants to make their arguments as to futility and standing in opposition. Mar. 2, 2023 Minute Entry.

Plaintiff brought the instant motion for leave to file a third amended complaint on March 10, 2023. Doc. 52. The proposed third amended complaint ("PTAC") removes 143 images that were not timely registered, leaving only eight photos as the subjects of alleged copyright infringement,[3] and dismisses the secondary infringement and § 1202 claims. Doc. 53-1. With respect to its standing to bring the infringement claim, in the PTAC, August Image repeats verbatim its allegations in the SAC that it is "the sole and exclusive agent and representative for the licensing and use of [the Photos]" and that "is the owner of the exclusive distribution right in the [Photos]." *Id.* ¶ 10.

## II. LEGAL STANDARD

Rule 15(a)(2) allows a party to amend its complaint pursuant to the other party's written consent or the court's leave and provides that a "court should freely give leave [to amend] when justice so requires." Motions to amend are ultimately within the discretion of the district court judge, *Foman v. Davis*, 371 U.S. 178, 182 (1962), who may deny leave to amend for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (internal quotation marks omitted)). This is a permissive standard since the Federal Rules "accept the principle that the purpose of pleading is to facilitate a proper decision on the merits" of the case. *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

An amendment to a pleading is futile if the proposed claim would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Dougherty v. North Hempstead*

---

[3] Those eight images are the two timely registered images Defendants identified (Doc. 33) as well as six images for which registration information was listed correctly in the SAC, which August Image also seeks to correct in the PTAC (Doc. 53 at 3).

*Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F. 2d 119, 123 (2d Cir. 1991)).  To withstand a motion to dismiss, the plaintiff must allege sufficient facts that, when accepted as true, state "a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In the context of a copyright infringement claim, to withstand a motion to dismiss, the complaint must allege: "(1) which original works are the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) 'by what acts during what time' the defendant infringed the copyright." *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 250 (S.D.N.Y. 2000) (quoting *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992)).

Generally, courts will not deny leave to amend based on futility unless the proposed amendment is "clearly frivolous or legally insufficient." *See In re Ivan F. Boesky Sec. Litig.*, 882 F. Supp. 1371, 1379 (S.D.N.Y. 1995) (citation omitted).  Beyond these considerations, the court does not need to consider the substantive merits of the plaintiff's claim on a motion to amend.  *Id*.

The party opposing the motion to amend bears the burden of proving the claim's futility.  *See, e.g., Allison v. Clos-ette Too, L.L.C.*, 14-cv-1618 (LAK) (JCF), 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015).

### III. DISCUSSION

In opposition to the instant motion, Defendants contend that amendment would be futile because August Image has "not even attempted to cure fatal defects in the [PTAC], which have existed since the inception of this case"—namely, that August Image lacks standing, has failed to plead a claim, and the claim is untimely.  Doc. 57 at 9–10.  For the reasons stated below, the Court rejects Defendants' arguments and grants August Image leave to amend.

4

### A. August Image has Standing as the Exclusive Licensee to Bring a Copyright Claim for the Photos

Only owners of copyrights or those granted exclusive licenses by copyright owners may sue for copyright infringement. *Urbont v. Sony Music Entm't*, 831 F.3d 80, 88 n.6 (2d Cir. 2016) (citing 17 U.S.C. § 501(b)). Both the SAC and the PTAC state that August Image is the "sole and exclusive agent and representative for the licensing and use of" the Photos, and it "is the owner of the exclusive distribution right in" the Photos. Doc. 53-1 ¶ 10. Thus, August Image does not argue that is the owner of the copyright, and the only question before the Court therefore is whether it sufficiently pled that it is the exclusive licensee of the Photos and whether it therefore has standing to bring an infringement claim.

Exclusive licenses "grant to the licensee the exclusive right—superior even to copyright owners' rights—to use the copyrighted material in a manner as specified by the license agreement." *Davis v. Blige*, 505 F. 3d 90, 99 (2d Cir. 2007); *see also Harris v. Simon & Schuster, Inc.*, 646 F. Supp. 2d 622, 632 (S.D.N.Y. 2009) ("Once the copyright owner grants an exclusive license of particular rights, only the exclusive licensee, and not his grantor, may sue for later occurring infringements of such rights." (citation omitted)). A plaintiff has an exclusive license if it has one of the "exclusive rights" set forth in § 106 of the Copyright Act, which include, as pertinent to the pending claim:

> the exclusive rights to do and to authorize any of the following:
> (1) to reproduce the copyrighted work in copies or phonorecords;
> (2) to prepare derivative works based upon the copyrighted work;
> (3) to distribute copies of phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending . . . [and] (5) in the case of . . . pictorial . . . works . . . to display the copyrighted work publicly.

17 U.S.C. § 106. A plaintiff need not have *all* the exclusive rights in § 106 to be an exclusive licensee for standing purposes, so long as its claims are based on infringement of the limited exclusive rights to which it does have a license. *See Harris*, 646 F. Supp. 2d at 632; *see also John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 406–07 (2d Cir.

2018) (noting that the rights in § 106 are divisible and can therefore each be separately conferred to a different person).

### 1. August Image Has Sufficiently Pled that it is the Exclusive Licensee of the Distribution Rights of the Photos

Here, August Image represents that is "the sole and exclusive agent and representative for the licensing and use" of the Photos, and it "is the owner of the exclusive distribution right" in the Photos. Doc. 53-1 ¶ 10. It further states that it has been "the owner of the exclusive distribution right in the [Photos] during the relevant time period." *Id.* ¶ 15.

Defendants contend that August Image's status as the agent to the licensing and use of the Photos is insufficient to confer standing upon it for purposes of bringing a copyright infringement claim. Doc. 57 at 10–14. They argue that as the copyright registration numbers of the Photos demonstrate that "the author and owner of all rights and permissions to the [Photos] is photographer Joseph Pugliese," Pugliese is "the only individual" with standing. *Id*. at 11. They assert that the "bald allegation" in the SAC and PTAC that August Image is "the sole and exclusive agent and representative" for the use, distribution, and licensing of the Photos is not enough to substantiate that it is either the owner or exclusive licensee, as is necessary for standing. *Id.* Rather, Defendants argue that August Image's "allegation is a semantic slight of hand designed to hide that it is a mere agent tasked with coordinating licensing deals on behalf of the copyright owner, [ ] Pugliese." *Id.* at 15. Defendants also assert that it is fatal to August Image's claim that it failed to provide language from the relevant contracts, let alone the contracts themselves, to demonstrate any rights it has thereunder to sue. *Id.* at 14. Finally, Defendants argue that the alleged infringing uses occurred in November 2015, and the relevant copyright registrations, which show Pugliese as the author and copyright owner, were submitted in August 2014 and June 2015, so August Image did not own any copyright rights to the Photos during the alleged infringing use. *Id.* at 16.

August Image responds that copyright claims are subject to dismissal at the pleading stage only if the plaintiff fails to allege that it either owns or is an exclusive licensee of the copyrighted work. Doc. 60 at 3. It is therefore enough for the plaintiff to plead that it owns registered copyrights, as anything more would subject copyright plaintiffs to a heightened pleading standard that is inapplicable to such claims. *Id.* (citations omitted). And August Image pled that it is "the sole owner of the right to license and distribute the [Photos]." *Id.* at 4. Moreover, August Image contends that Defendants err in arguing that it must produce or quote from the exclusive syndication agreement, as failure to produce copyright registration and other documents at the pleading stage cannot be a basis for dismissal. *Id*.

Defendants misstate the relevant law in asserting that only Pugliese, as the owner of the copyright, has standing to sue for infringement. As distribution of a copyrighted work is one of the enumerated "exclusive rights" in § 106, if sufficiently pled, August Image's status as exclusive licensee of the distribution right would confer standing for it to sue for infringement of that distribution right.[4] *See John Wiley & Sons*, 882 F.3d at 406–07. For similar reasons, Defendants' arguments that August Image lacks standing because it did not *own* the copyright rights at the time of the infringement also fail. August Image need not have owned the copyright to sue, so long as it had exclusive distribution rights at the time, as it has alleged (*see* Doc. 53-1 ¶ 15).

---

[4] The parties also dispute whether August Image has standing on the basis of its status as "the sole and exclusive agent and representative for the licensing and use" of the Photos. *See* Doc. 57 at 13–15; Doc. 60 at 5–7. Neither the Supreme Court nor the Second Circuit have decided whether a plaintiff's status as an exclusive agent is sufficient for standing, and courts outside the Circuit are split on the question. *Compare Ctr. City Music v. Kisner*, No. 93-cv-1959, 1994 WL 159769, at *4 (4th Cir. 1994) (no standing); *Bourne Co. v. Hunter Country Club, Inc.*, 990 F.2d 934, 937 (7th Cir. 1993) (same); *Creative Photographers, Inc. v. Julie Torres Art, LLC*, No. 1:22-cv-00655 (JPB), 2023 WL 2482962, at *6–8 (N.D. Ga. Mar. 13, 2023) (same), *with Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1004-06 (9th Cir. 2015) (standing).

Because August Image's status as an exclusive licensee would grant it standing (which Defendants do not appear to dispute), the Court need not pass here as to whether August Image also has standing as an exclusive agent to bring suit for copyright infringement.

The key issue, therefore, is whether August Image's assertion that it is an exclusive licensee of the distribution rights suffices without production of the underlying contracts with Pugliese.  Courts generally do not require plaintiffs to attach proof of standing at the pleading stage, so long as it specifically alleges facts sufficient to confer standing.  *See, e.g., Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 617 (S.D.N.Y. 2013); *U2 Home Entertainment, Inc. v. Kylin TV, Inc.*, No. 06-cv-02770 (DLI), 2007 WL 2028108, at *6–7 (E.D.N.Y. July 11, 2007).  "To require a plaintiff to do more, at the motion to dismiss stage, would be to subject copyright plaintiffs to a heightened level of pleading, something this Court has been strictly proscribed from doing." *Warren*, 952 F. Supp. 2d at 617.  Certainly, "[a]t a later stage in [ ] litigation, [August Image] will bear the burden of proving . . . that it is an exclusive licensee of all the statutory rights granted in a copyright owner for each work at issue herein . . . [but] at this stage of the litigation . . . such particularity in pleadings is not required." *U2 Home Entertainment, Inc.*, 2007 WL 2028108, at *7.  Accordingly, for purposes of the instant motion, the Court must take as true August Image's assertion that it is the exclusive licensee of the distribution rights of the Photos and not merely Pugliese's agent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2. *August Image Has Sufficiently Pled that Defendants Infringed on its Distribution Rights*

As noted above, an exclusive licensee with some, but not all § 106 exclusive rights, may bring claims only for infringement of those exclusive rights to which it does have a license. *See Harris*, 646 F. Supp. 2d at, 632.  August Image alleges that the infringing conduct here was that Defendants "copied, reproduced, displayed, and distributed" the Photos.  Doc. 53-1 ¶ 19.  Defendants contend that an exclusive license of distribution rights does not give August Image exclusive rights to the reproduction or display of the Photos.  Doc. 57 at 15.  But August Image also explicitly pleaded that Defendants infringed on August Image's license through unauthorized *distribution*.  Doc.

8

53-1 ¶ 19. That is sufficient to satisfy the standing requirement that a defendant has violated at least one of the § 106 exclusive rights. *See Nicklen v. Sinclair Broadcast Group, Inc.*, 551 F. Supp. 3d 188, 193 (S.D.N.Y. 2021) ("To state a claim for copyright infringement, a plaintiff must plead ownership of a valid copyright that the defendant has violated at least one of the owner's exclusive rights under 17 U.S.C. § 106: reproduction, public performance, public display, creation of derivative works, and distribution."). August Image therefore has standing to pursue the instant copyright infringement claim, and its amendment would not be futile.

### B. August Image has Pled the Alleged Infringing Acts with Sufficient Specificity

Defendants additionally argue that August Image has not pled the acts alleged to constitute copyright infringement with sufficient specificity. Doc. 57 at 17. Defendants contend that Federal Rule of Civil Procedure 8(a) requires that a plaintiff alleging copyright infringement specify which acts of infringement were committed by which defendant and when. *Id.* But August Image makes only "boilerplate allegations [that] make no distinction between the [d]efendants, and do not allege with any specificity which defendant . . . committed which acts of infringement , as to which [Photos], or at what times." *Id.* August Image responds that it "provide[d] the URLs at which the alleged infringement occurred, copyright registrations for the images at issue, and screen captures of Defendants' infringement." Doc. 60 at 7 (citing Doc. 53-1 ¶ 12, Doc. 53-1 at 8–15 (Exs. 1, 2 to PTAC)).

"Complaints [for copyright infringement] simply alleging present ownership by plaintiff, registration in compliance with the applicable statute, and infringement by defendant, have been held to be sufficient under the rules." *U2 Home Entertainment, Inc.*, 2007 WL 2028108, at *7 (citation omitted). Thus, "[a]t this stage of the litigation, [a] plaintiff is not required to specify exactly what acts each individual defendant performed in order to put defendants on fair notice of the claims against them." *Id.* at *6

9

(collecting cases); *see also Elektra Entertainment Group, Inc. v. Barker*, 551 F. Supp. 2d 234, 239 (S.D.N.Y. 2008) ("An allegation of past and continuing infringement 'sufficiently puts defendant on notice as to which acts . . . form the basis of the [p]laintiff's claim.'" (citation omitted)). "Moreover, Rule 8 does not prohibit plaintiff from choosing to make allegations against defendants collectively." *U2 Home Ent., Inc.*, 2007 WL 2028108, at *6.

In other words, even had August Image not attached exhibits with URLs and screen captures, its factual allegations in the PTAC likely would have sufficed. *Id.* at *6–7. Moreover, Defendants' arguments to the contrary ignore the exhibits altogether. Accordingly, August Image has pled the allegedly infringing rights with sufficient specificity, and amendment would not be futile on that basis.

### C. August Image's Claims are Timely

Defendants also argue that August Image's claims are untimely because the alleged infringement occurred in November 2015, but August Image did not bring suit until November 2021. Doc. 57 at 18–19. They argue that "serial litigants like [August Image], accustomed to finding and prosecuting alleged infringement across the internet, are expected to bring suit within the three-year limitations period starting when the alleged infringement occurs." *Id.* at 18. Accordingly, August Image "should have known about the alleged infringement in 2015, or at least well within the limitation period," but it instead "waited twice the limitation period, knowing that, over time, emails granting permission to publish such images would be lost to email culling and deletion protocols." *Id.* at 19.

August Image responds that, pursuant to the Second Circuit's "discovery rule," an infringement claim does not accrue until the copyright holder discovers, or with due diligence should have discovered, the infringement. Doc. 60 at 8. And it pled in the PTAC that it did not discover the infringement until 2020 and could not have discovered it earlier with due diligence because neither it nor its clients use Defendants' websites,

10

and Defendants' websites "have little to no cultural impact." *Id.* It further argues that Defendants' arguments that it should have discovered the infringement earlier because it is serial litigant is contrary to the general rule that copyright owners do not have a general duty to police the internet for infringement of their copyrights. *Id.* at 9.

Defendants bear the burden of proof when raising a statute of limitations affirmative defense. *Parisienne v. Scripps Media, Inc.*, No. 19-cv-8612 (ER), 2021 WL 3668084, at *2 (S.D.N.Y. Aug. 17, 2021). Dismissal is warranted at the pleadings stage only where "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *See Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015). But if there is even "some doubt" as to whether dismissal is warranted, a court should not dismiss the claim. *See Ortiz v. Cornetta*, 867 F.2d 146, 149 (2d Cir. 1989).

Civil actions under the Copyright Act must be brought "within three years after the claim accrued." 17 U.S.C § 507(b); *accord, e.g., Petrella v. Metro–Goldwyn–Mayer, Inc.*, 572 U.S. 663, 670 (2014); *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014). But, the Second Circuit, "like 'every Circuit to have considered the issue of claim accrual in the context of infringement claims,' follows the 'discovery rule,'" under which a copyright infringement claim will not accrue until a plaintiff discovers, or with due diligence should have discovered, the infringement. *Wu v. John Wiley & Sons, Inc.*, No. 14-cv-6746 (AKH) (AJP), 2015 WL 5254885, at *4 (S.D.N.Y. Sept. 10, 2015) (quoting *Psihoyos*, 748 F.3d at 124–25 & n.3 (collecting cases)); *accord PK Music Performance, Inc. v. Timberlake*, No. 16-cv-1215 (VSB), 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018).

Only then does the limitations period begin to run, "irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010). Courts use an objective standard to determine when a reasonably diligent plaintiff should have discovered the infringement. *Masi v. Moguldom*

11

*Media Grp. LLC*, No. 18-cv-2402 (PAC), 2019 WL 3287819, at *5 (S.D.N.Y. July 22, 2019). To dispute the date on which the claims accrued in copyright cases, a defendant must produce evidence "that would have been sufficient to awaken inquiry." *Michael Grecco Prods., Inc. v. Valuewalk, LLC*, 345 F. Supp. 3d 482, 512 (S.D.N.Y. 2018) (finding that evidence in the record was insufficient to determine when the statute of limitations began to run).

A copyright holder does not have a general duty to "police the internet to discover [a defendant's] use of his [p]hotograph[s]." *Hirsch v. Rehs Galleries, Inc.*, No. 18-cv-11864 (VSB), 2020 WL 917213, at *5 (S.D.N.Y. Feb. 26, 2020). But courts have considered the "relative sophistication of parties in a copyright suit." *Parisienne*, 2021 WL 3668084, at *4 (collecting cases). For instance, where a copyright holder filed 36 infringement lawsuits, beginning in July 2010, and the alleged infringement occurred in 2011, the court held the plaintiff should have discovered with the exercise of due diligence that its copyright was being infringed within the limitations period, meaning its discovery in 2017 was unreasonable and untimely. *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 467 (S.D.N.Y. 2019). In comparison, a copyright holder with "sophistication as an individual litigant" and counsel with "sophistication and experience with copyright infringement cases" would not be put on inquiry notices for purposes of the discovery rule merely because the infringing website gave the plaintiff photographer public, available, and searchable attribution credit. *Parisienne*, 2021 WL 3668084, at *4. Indeed, in *PK Music Performance, Inc.*, even where defendants contended that the "popularity and success" of the infringing work—which was the subject of a Justin Timberlake album, DVD, tour, and HBO special—signified that the plaintiff should have known about the infringement sooner, the court held that defendants' argument "misse[d] the mark." 2018 WL 4759737, at *7.

Here, August Image pled that it discovered the infringement in 2020, and it brought the instant action one year later. PTAC ¶ 16. That is within the limitation period.

12

*PK Music Performance, Inc.*, 2018 WL 4759737, at *7. And Defendants have submitted no evidence "that would have been sufficient to awaken inquiry" earlier than 2020 beyond a barebones allegation that August Image is a serial litigant. *Michael Grecco Prods., Inc.*, 345 F. Supp. 3d at 512. Thus, not only have Defendants failed to substantiate that allegation in any way (such as by stating the number of infringement suits brought in a given time period, as in *Minden*, 390 F. Supp. 3d at 467); but, even if August Image *is* a serial litigant, that alone is still not enough to put it on notice for purposes of the discovery rule. *See Parisienne*, 2021 WL 3668084, at *4; *PK Music Performance, Inc.*, 2018 WL 4759737, at *7. Accordingly, it is not "clear from the face of the complaint . . . that [August Image's] claims are barred as a matter of law," and there is "some doubt as to whether the dismissal is warranted," especially considering that Defendants bear the burden of proof when raising the statute of limitations as an affirmative defense. *See PK Music Performance, Inc.*, 2018 WL 4759737, at *7 (internal quotation marks and citations omitted). Defendants have therefore failed to demonstrate that August Image's amendment would be futile because of untimeliness.

### D. Defendants Have Not Shown that Amendment Would be Unduly Prejudicial

Finally, Defendants argue that even if August Image's claims were timely, its delay in bringing suit prejudiced Defendants because licenses are generally granted to websites by email, but email records are subject to deletion protocols in the normal course of business. Doc. 57 at 19. Defendants allege that August Image seeks to exploit this loss of evidence in bad faith since a license is an affirmative defense. *Id.* Defendants cite no law in support of their argument that such delay is enough alone to constitute bad faith or undue prejudice. August Image denies any bad faith and argues that Defendants' only basis for alleging prejudice or bad faith rests on their "illogical argument that [August Image] bringing this suit in 2020—when the infringement was discovered, rather than at the time of infringement—somehow makes [August Image] responsible for

13

Defendants' purported inability to produce any evidence of alleged licenses." Doc. 60 at 10.

As the non-movants, Defendants "bear[] the burden 'of demonstrating that substantial prejudice would result were the proposed amendment to be granted.'" *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, No. 15-cv-211 (LGS) (RLE), 2016 U.S. Dist. LEXIS 130918, at *13 (S.D.N.Y. Sep. 23, 2016) (citation omitted). Conclusory allegations are generally insufficient. *See, e.g., Cat3, LLC v. Black Lineage, Inc.*, No. 14-cv-5511 (AT) (JCF), 2015 WL 5559569, at *5 (S.D.N.Y. Sept. 21, 2015) (holding that defendants made no showing that plaintiffs acted in bad faith in bringing a motion to amend where, "[i]n conclusory fashion, the defendants assert that the plaintiffs 'desire to keep [d]efendants tied up in [ ] costly litigation as long as possible' and describe the plaintiffs' actions as 'the very definition of bad faith'"). Moreover, the relevant inquiry is whether delay in *amending* caused prejudice or was done in bad faith, not whether any delay in *bringing suit* caused prejudice or was done in bad faith. *See id.*

Here, Defendants have done no more than make conclusory allegations of prejudice and bad faith, and their arguments turn on August Image's delay in suing, not in seeking to amend. *See* Doc. 57 at 19. That is both not enough as to the former and beside the point as to the latter. Accordingly, the Court does not find that Defendants would be unduly prejudiced, nor that August Image seeks to amend in bad faith.

14

## IV.     CONCLUSION

For the foregoing reasons, August Image's motion for leave to file a third amended complaint is GRANTED. The third amended complaint shall be filed by April 5, 2024.  The Clerk of Court is respectfully directed to terminate the motion (Doc. 52).

It is SO ORDERED.

Dated:   March 27, 2024
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.