UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUGUST IMAGE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> GIRARD ENTERTAINMENT & MEDIA LLC and KEITH GIRARD, <br><br> Defendants. | Case No. 1:21-cv-09397 (ER) |

## ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants GIRARD ENTERTAINMENT & MEDIA LLC and KEITH GIRARD ("Defendants") answer the Third Amended Complaint of Plaintiff AUGUST IMAGE, LLC ("Plaintiff"), dated March 29, 2024 ("TAC"), as follows:

### JURISDICTION AND VENUE

1. Defendants admit that Plaintiff has brought the present action for violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. Beyond this, the allegations of Paragraph 1 call for legal conclusions as to which no response is required, but to the extent one is required, Defendants deny that they engaged in any unlawful acts and are without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 1 and therefore deny them.

2. The allegations of Paragraph 2 call for legal conclusions as to which no response is required, but to the extent one is required, Defendants admit that the Court has subject matter jurisdiction over claims arising under the Copyright Act.

3. Defendants admit that venue in this judicial district is proper. Beyond this, the allegations of Paragraph 3 call for legal conclusions as to which no response is required, but to

15167031.3

the extent one is required, Defendants deny that they engaged in any unlawful acts and are without sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 3 and therefore deny them.

## **PARTIES**

4.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis deny each allegation contained therein.

5.      Defendants admit the allegations contained in Paragraph 5.

6.      Defendants admit that Keith Girard is an individual and the owner of Girard Entertainment & Media LLC. Defendants deny the remaining allegations in Paragraph 6, and clarify that Keith Girard is a resident of Ellicott City, Maryland.

7.      Defendants partially admit the allegations contained in Paragraph 7 only as to celebrityhealthfitness.com, which is owned by Girard Entertainment and Media LLC. Defendants deny the remaining allegations in Paragraph 7, and clarify that thenyindependent.com is owned by TheImproperNetwork LLC.

8.      As no "Doe" defendants are named in this action, Defendants can neither admit nor deny the allegations in Paragraph 8 and therefore deny them.

9.      The allegations of Paragraph 9 call for legal conclusions as to which no response is required, but to the extent one is required, Defendants state that they are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 9 and therefore deny them.

15167031.3

## **CLAIMS RELATED TO SUBJECT PHOTOGRAPHY**

10. The allegations of Paragraph 10 call for legal conclusions as to which no response is required, but to the extent one is required, Defendants state that they are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 10 and therefore deny them.

11. The allegations of Paragraph 11 call for legal conclusions as to which no response is required, but to the extent one is required, Defendants state that they are without sufficient knowledge or information to form a belief as to the allegations in Paragraph 11 and therefore deny them.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis deny each allegation contained therein.

14. Defendants deny the allegations in Paragraph 14.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis deny each allegation contained therein.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis deny each allegation contained therein.

15167031.3

## FIRST CLAIM FOR RELIEF

17. The allegations of Paragraph 17 are boilerplate reallegations as to which no response is required, but to the extent one is required, Defendants repeat and reallege their responses to the prior allegations.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants deny the allegations in Paragraph 19.

20. The allegations of Paragraph 20 call for legal conclusions as to which no response is required, but to the extent one is required, Defendants deny the allegations in Paragraph 20.

21. The allegations of Paragraph 21 call for legal conclusions as to which no response is required, but to the extent one is required, Defendants deny the allegations in Paragraph 21.

22. The allegations of Paragraph 22 call for legal conclusions as to which no response is required, but to the extent one is required, Defendants deny the allegations in Paragraph 22.

23. The allegations of Paragraph 23 call for legal conclusions as to which no response is required, but to the extent one is required, Defendants deny the allegations in Paragraph 23.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof or admitting that Defendants have any burden of proof, Defendants assert the following affirmative defenses as to the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Cause of Action is barred, in whole or in part, because it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The Complaint and any purported claims for relief therein are barred to the extent Plaintiff is not a legal or beneficial owner of the copyrights to the works at issue under 17 U.S.C. § 501(b) and thus lacks standing to bring a claim.

## THIRD AFFIRMATIVE DEFENSE

3. The Complaint and any purported claims for relief therein are barred, precluded, and/or limited by the statute of limitations, 17 U.S.C. § 507, and/or any claim for damages and profits for use prior to three years before the date of the filing of the initial complaint is barred by *Sohm v. Scholastic, Inc.*, 959 F.3d 39 (2d Cir. 2020).

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's Cause of Action is barred on the ground that the claimed works are not properly registered.

## FIFTH AFFIRMATIVE DEFENSE

5. The Complaint and any purported claims for relief therein are barred to the extent that the allegedly infringing uses were licensed.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's prayer for statutory damages and attorney's fees under the Copyright Act is barred to the extent the copyrights at issue do not meet the registration requirements of the Copyright Act, including 17 U.S.C. § 412.

## SEVENTH AFFIRMATIVE DEFENSE

7. The Complaint and any purported claims for relief therein are barred in whole or in part by one or more of the equitable doctrines of acquiescence, equitable estoppel, and/or waiver.

15167031.3

### EIGHTH AFFIRMATIVE DEFENSE

8. The Complaint and any purported claims for relief therein are barred in whole or in part by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

9. The Complaint and any purported claims for relief therein are barred in whole or in part because Defendants acted in good faith and had no reason to believe that any alleged acts constituted infringement, particularly as the images were supplied by the publisher of *Us Weekly* under its agreement with Joseph Pugliese, and such publisher represented to Defendants that they were authorized to use them. To the extent Plaintiff's claims are not entirely barred by Defendants' good faith, any damages, which Defendants expressly deny, are limited by Defendants' innocent intent. *See* 17 U.S.C. § 504(c).

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff did not incur any damages as the result of any act or conduct by Defendants. To the extent Plaintiff did incur any damages, which Defendants expressly deny, Plaintiff has failed to mitigate its alleged damages and/or losses and, to the extent Plaintiff has suffered any damages and/or losses, recovery is barred or must be reduced accordingly.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff is not entitled to recover any of Defendants' profits because Defendants have no profits attributable to the alleged infringement.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's request for injunctive relief is barred because Plaintiff has an adequate remedy at law and/or because the acts complained of ceased years ago and have not recurred.

15167031.3

## THIRTEENTH AFFIRMATIVE DEFENSE

13. The Complaint and any purported claims for relief therein are barred to the extent that they are based on the alleged infringement of a work for which: (i) valid and enforceable copyright registrations do not exist and/or (ii) the relevant certificates contain materially false and/or inaccurate information.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff has failed to join parties whose presence is necessary and proper to the resolution of the parties' claims and defenses.

## RESERVATION OF RIGHTS

Defendants do not presently know all the facts and circumstances respecting Plaintiff's claim and reserve the right to amend this Answer should Defendants later discover facts demonstrating the existence of additional affirmative defenses.

| | |
|---|---|
| DATED: New York, New York<br>April 12, 2024 | Respectfully submitted,<br><br>MITCHELL SILBERBERG & KNUPP LLP<br><br>By: /s/ Eleanor M. Lackman<br>　　Eleanor M. Lackman<br>　　437 Madison Ave., 25th Floor<br>　　New York, New York 10022-7001<br>　　Telephone: (212) 509-3900<br>　　Facsimile: (212) 509-7239<br>　　Email: eml@msk.com<br><br>　　*Attorney for Defendants Girard Entertainment*<br>　　*& Media LLC and Keith Girard* |

15167031.3